JAMES A. BEHA, Superintendent of Insurance of the State of New
York, as Liquidator of the NATIONAL AUTOMOBILE MUTUAL
CASUALTY COMPANY, Plaintiff, v. JACOB BERGER, Defendant.
Same v. 38 Other Defendants, Separately Sued.

Supreme Court, Albany County, August 1, 1927.

Insurance — mutual liability casualty insurance company — liquidation
— liquidator must give notice of assessment under Insurance Law,
§ 346, within one year of expiration of policy — as to policies issued
prior to amendment of Insurance Law, § 346, notice within one year
from date of expiration of policy is sufficient — earned premiums not
basis of assessment — notice insufficient.

An automobile mutual casualty insurance company in liquidation is, so far as
assessments against members are concerned, under the regulations imposed by
section 346 of the Insurance Law, and, therefore, it is necessary for the liquidator
to give notice to policyholders of the assessment within one year as required
by said section.

As to all policies issued prior to April 1, 1922, when section 346 was amended, a
notice within one year from the date of the expiration period written in the
policy is sufficient.

For the purpose of determining the amount of the assessments on such policies
the law did not require that the assessment be levied on the basis of earned
premiums.

A notice of assessment which simply advises a policyholder that a 200 per cent
assessment is required to be levied is not sufficient for it anticipates future action.

THIRTY-NINE actions tried at March Trial Term, brought by the
Superintendent of Insurance, as liquidator of the National Auto-
mobile Mutual Casualty Company, against policyholders of the
company, to recover assessments levied by the liquidator under
section 346 of the Insurance Law and under policy contracts, to
provide funds for the payment of the defunct company's obligations.
Motions by defendants to dismiss complaints at opening of trial
and for judgment at close of trial.

*Clarence C. Fowler* [Mrs. *Pinckney Estes Glantzberg* of counsel],
for the plaintiff.

*Ferdinand I. Haber,* for the defendant.

RUSSELL, J.   The above case together with thirty-eight others
have been divided into four groups and each group has been tried
separately.   The object of these actions is to recover from policy-
holders of the National Automobile Mutual Casualty Company,
now in liquidation, assessments made by the liquidator, pursuant
to the Insurance Law.

At the opening of the trials, motions were made by the defend-

ants to dismiss all the complaints on the ground that they did not state facts sufficient to constitute a cause of action. These motions were properly made at the trials. (*Klippel* v. *Weil*, 204 App. Div. 323.)

The main question presented is whether the assessment, made by the liquidator, is governed by section 346 of the Insurance Law (added by Laws of 1916, chap. 13, as amd. by Laws of 1923, chap. 811), or by section 63 of the Insurance Law (added by Laws of 1909, chap. 300, as amd.). The defendant contends that the assessments made by the liquidator must have been levied under and pursuant to section 346 of the Insurance Law, and that, unless policyholders were notified of their assessments within one year after the expiration or cancellation of their policies, as provided by statute, then there is no liability for such assessment. Defendants also contend that certain of the complaints are defective in that no allegation is made of the notification of such assessment within one year, but on the contrary it affirmatively appears in the complaints that such notice was given after that period.

The plaintiff claims that section 346 fixes the contingent mutual liability of policyholders, and that the provision as to notice is a mode or method of procedure to be followed by the corporation when levying an assessment as a going concern, but does not prescribe the mode or method of procedure to be followed by the Superintendent of Insurance in the liquidation of the corporation.

Section 63 of the Insurance Law relates generally to the procedure on liquidation. It makes no specific mention of assessments. The only provision which may relate to assessments, is that of subdivision 3 of that section to the effect that the rights and liabilities of a corporation and its policyholders shall, unless otherwise directed by the court, be fixed as of the date of entry of the order directing liquidation. The effect of this provision is not to create a right in the corporation or impose a liability on a policyholder which has not come into existence, and which depends upon contingencies that have not been performed. The effect and purpose of this provision is simply to adjust rights and liabilities as of the date of the entry of the order of liquidation, and as fixed by law.

In so far as section 346 of the Insurance Law is concerned that section fixes the contingent mutual liability of policyholders and provides the method of procedure which must be followed in order to actually impose and collect an assessment based upon such contingent liability. The fact that there has been a liquidation of the corporation and that the corporation affairs are in the hands of a public officer or representative of the court cannot in and of

itself create a liability against a policyholder contrary to his contract. The liquidator represents the corporation and stands in its place. If he insists that the policyholder perform his contract, the liquidator on his part must also perform. I find nothing in section 63 which dispenses with the procedure outlined in section 346 to impose and collect an assessment. In order to modify the plain language of the contract and of section 346 under which the contract was apparently written such an intention must be clearly expressed.

Section 346 is plain in so far as notice is concerned. A policyholder in a mutual company taking out a policy under that section was advised in plain terms as to the extent of his liability, and no intention to change or enlarge that liability can be imputed to the Legislature in the absence of a clear and express provision to the contrary.

My conclusion is that the liquidator, as well as the insurance company, in order to recover assessments, must give notice within the year, and that this is a condition precedent to the liability of the policyholder. Therefore, if such notice has not been given, either by the corporation or by the liquidator, there is no liability on the part of a policyholder to pay the assessment.

As section 346 stood in 1916 and up to April 1, 1922, it was necessary that the policyholder be notified of the assessment within one year after the expiration of his policy. In 1922 section 346 was amended so as to provide that such notification must be made within a year after the expiration *or cancellation* of the policy.

The plaintiff claims that, prior to 1922, when a policy was canceled, it expired within the meaning of the statute on the date of expiration written in the policy, and not at the time of cancellation. The defendant contends that, prior to 1922, when a policy was actually canceled, it then expired even though under the terms of the policy a later date of expiration was therein written.

The terms " expiration " and " cancellation " have a settled meaning in the law of insurance. " Expiration " refers to the termination of a policy by lapse of time covering the policy period; " cancellation " refers to the termination of a policy by act of either or both of the parties to it prior to the ending of the policy period. It is in this sense that " cancel " and " cancellation " frequently occur in the Insurance Law and in policies of insurance.

Attributing this meaning to the terms, " expiration " and " cancellation," evidently the statute meant when it read that a policyholder should pay and be liable to pay an assessment if notified within one year from the expiration of the policy, that notice within one year after the date of the ending of the policy period,

**238**                        Beha *v.* Berger.

would be sufficient. Of course a policy which is canceled never actually expires in the sense that it ends by lapse of time covering the period for which it is originally written.

Actual expiration could not have been intended by the Legislature. If such were the intention, then, when a policy was canceled, notice might be given during an indefinite future period and still technically be within one year after expiration. On the other hand, if a canceled policy never actually expires, within the meaning of the law of insurance, there is the alternative of releasing a policyholder because the notice cannot be given within any definite term as contemplated by the statute.

Either result is unreasonable, and an unreasonable result suggests a wrong construction. If it is held that notice within a year after the end of the policy period, that is, notice within one year from the date of expiration written in the policy is sufficient, the intent of the Legislature in view of the original statute and the amendment in 1922 is carried out.

The policies here in question provide that they might be canceled at any time by either of the parties by giving five days' written notice to the other parties stating when thereafter cancellation would be effective. The policies further provide that the date of cancellation shall then be the end of the policy period. If the parties to the contract meant by this that the date of cancellation would be considered the date of expiration for the purpose of an assessment, where a policy was canceled, the policy cannot prevail over the terms of the statute.

I hold, therefore, that notice within a year from the date of expiration written in the policy is sufficient, as to all policies issued prior to the 1922 amendment.

A further question is raised by the defendants in relation to the basis of the assessment before and after the 1922 amendment. Defendants claim that any assessment must be based on the premium earned up to the time of cancellation rather than the whole original premium.

Prior to 1922 each member was subject to a contingent liability not less than twice the amount of and in addition to the premium written in the policy. The basis of an assessment under this contingent liability, was the member's proportionate share of losses and expenses incurred while he was a member. Thus, an assessment or assessments were limited in the aggregate to twice the premium, and must be based on the proportionate part of losses and expenses incurred only while the policyholder was a member. Prior to 1922 nothing was said in the statute about earned premiums, nor was there any limitation in the assessment based on earned

premiums. However, there was this limitation. The assessment must be on account of losses and expenses incurred only while the policyholder was a member. Losses and expenses incurred after cancellation, could not be used as a basis of the assessment; the policyholder was no longer a member. (Ins. Law, § 341.)

In 1922 this method of assessment was changed. The contingent liability of the member remained the same. Instead of a policyholder being liable for his proportionate share of losses and expenses incurred while he was a member, the basis of assessment was the deficiency in assets over liabilities. The member's share was determined by applying to the premium earned during the period to be covered by the assessment, the ratio of the total deficiency to the total premiums earned during such period.

I find nothing in the statute, prior to 1922, which permits the assessment to be calculated on earned premiums.

A further question is presented as to the sufficiency of the notice of assessment. The notice of June 5, 1924, complies with the statute.

The notice of June 28, 1923, is insufficient. It simply advises a policyholder that a 200 per cent assessment is required to be levied — not that any assessment had been levied. Such a notice simply conveys the idea that an assessment must be made, but would not put the policyholder on his guard that his actual liability was thereby fixed and determined.

The foregoing apparently disposes of all of the cases either on the pleadings or on the merits. If any other question must be decided to dispose of any case, I will take it up on notification by the attorneys.

Judgment and order may be entered to conform with this opinion.