RALPH McNUTT, ET UX. V. L. B. COX.

No. 7339. Decided June 21, 1939.
(129 S. W., 2d Series, 626.)

*G. R. Lipscomb,* of Fort Worth, for plaintiff in error.

Possession of a note, against which limitation has started to run, by the Banking Commissioner, does not interrupt or toll the statute of limitation, during the time it is in his possession, as a part of the assets of an insolvent bank. Shaw, Comr., v. Bush, 61 S. W. (2d) 526; Austin, Comr. v. St. John,

6 S. W. (2d) 224; Meusebach v. Halff, 77 Texas 185, 13 S. W. 979.

*Robt. C. Pepper,* of Fort Worth, for defendant in error.

While a note is in possession of the Banking Commissioner limitation does not run against the cause of action represented by said note, the said Banking Commissioner being a department of State. Shaw, Comr. v. Strong, 35 S. W. (2d) 769; Smith v. Power, 23 Texas 29; 28 Tex. Jur. 98.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted on December 1, 1934, in the district court of Hutchinson County, by the defendant in error, L. B. Cox, against Ralph McNutt and wife, Mabel, to recover the amount alleged to be due on a promissory note executed on January 31, 1930, by Ralph McNutt, payable to the order of the First National Bank of Borger, Texas. This note matured on June 2, 1930. The case was transferred to the district court of Tarrant County, and was tried in said court without a jury. The defendants, McNutt and wife, among other defenses, pleaded the statute of four years limitation. The trial court rendered judgment in favor of Mrs. McNutt, but rendered judgment against Ralph McNutt for the amount sued for. McNutt appealed and the Court of Civil Appeals affirmed the judgment of the trial court. 108 S. W. (2d) 693. McNutt has been granted the writ of error.

There is no statement of facts contained in the record. The facts found by the trial court are shown in the conclusions of law and fact made by the trial court. The questions in dispute relate to the defense of four years limitation interposed by McNutt. As stated before, the note sued on was executed by McNutt to the First National Bank of Borger on January 31, 1930, and said note matured June 2, 1930. A short time after the note was executed the First National Bank of Borger transferred same to the Borger State Bank. Thereafter, on January 11, 1932, the last mentioned bank became insolvent and, by the voluntary action of its board of directors on that date, all the property and effects of said bank were placed in charge of the State Banking Commissioner for linquidation under the statutes. Thereafter, on June 13, 1934, the Banking Commissioner, in due course of liquidating the assets of said insolvent bank, sold and transferred said note to L. B. Cox,

the defendant in error. It is contended that limitation did not run against said note during the period of time that same was in the custody of the Banking Commissioner. The grounds set up as basis for this contention are, first, because the Banking Commissioner represented the State; and, secondly, because the note was in custodia legis. The untenableness of the first ground is exposed in Shaw, Banking Commissioner, v. Bush, 61 S. W. (2d) 526, in which case this Court refused to grant a writ of error. In said case, the Court said this:

"Lastly, the appellant insists that, since the suit is by the banking commissioner, who is the head of an executive department of the state government, and since limitation does not run against the government, it was error for the trial court to hold that the cause of action was barred by limitation. It is generally true that limitation does not run against the state, unless otherwise expressly so provided. However, this action was not brought for the use or benefit of the state, but was brought for the use and benefit of the creditors of the insolvent bank, who were the real parties at interest. The general rule is that where the suit, although brought in the name of the government, is for the use and benefit of private citizens, the statutes of limitation apply in the same manner as though the suit had been brought in the name of the real parties at interest. United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121; United States v. Des Moines Navigation & Ry. Co., 142 U. S. 510, 12 S. Ct. 308, 35 L. Ed. 1099; Curtner v. United States, 149 U. S. 662, 13 S. Ct. 985, 1041, 37 L. Ed. 890; Eastern State Hospital v. Graves' Committee, 105 Va. 151, 52 S. E. 837, 3 L. R. A. (N. S.) 746, 8 Ann. Cas. 701. This contention is overruled."

With reference to the second ground stated above, no merit is discovered. Broadly speaking, the note, while in the custody of the Banking Commissioner, was in custodia legis; nevertheless, during all that time, courts of competent jurisdiction were available to aid the Banking Commissioner in his capacity of statutory receiver for the Borger State Bank, in carrying out the provisions of Article 453 of the Revised Statutes. This statute provides as follows:

Art. 453. "The Commissioner is authorized to collect moneys, claims and debts due to such insolvent bank and to perform such other acts as are necessary to conserve its assets and business, and to liquidate the affairs of such insolvent bank."

We conclude, therefore, that during said period of time the

statute of limitation continued to run against the note in all respects the same as if the Borger State Bank had continued to function as a going concern.

It is further contended by Cox that, under the state of facts disclosed by the following fact findings of the trial court, the statute of limitation did not run for an aggregate length of time of more than six months during the period from the date the note matured to the time this suit was brought. The fact findings of the trial court to which this contention relates read as follows:

5.

"I find that from June 2, 1930, the maturity date of said note, until December 1, 1934, the date suit was filed thereon, a period of four years five months and twenty-nine days, that the said defendant, Ralph McNutt, was not outside the State of Texas for as much as five months and twenty-nine days.

6.

"I find that the defendant, Ralph McNutt, resided in Tarrant County, Texas, at all times from June 2, 1930, until December 1, 1934, and during said period of time, or a substantial part thereof, he followed an occupation as a traveling salesman which carried him weekly beyond the bounds of the State of Texas, and that while he was not actually beyond the bounds of the State of Texas as much as five months and twenty-nine days during said period of time, that he was absent from Tarrant County more than six months on trips commencing in Tarrant County which carried him beyond the boundaries of the State of Texas and ended with his return to Tarrant County; that during said trips the said Ralph McNutt travelled by automobile and his destination would be beyond the boundaries of the State of Texas where he would sell merchandise as a salesman and return to his home in Tarrant County; that there was more than six months time during said period when Relph McNutt could not have been reached for service of process upon him within the State of Texas upon citations issued to Tarrant County, the county of his residence."

In Title 91 of the Revised Statutes, in which title the statutes of limitation are prescribed, appears article 5537 which reads as follows:

Art. 5537. "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person en-

titled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

■ It is to be noted that, according to the fact findings of the trial court, McNutt was outside the limits of the State for varying lengths of time during the period which extended from June 2, 1930, the date the note in question matured, to December 1, 1934, the date this suit was commenced, and that these intervals of absence from the State aggregated less than five months and twenty-nine days. It is thus seen that without taking into account the time that McNutt was outside the limits of the State during said period, four years after said note matured had elapsed at the time this suit was brought. It is argued, however, that since the various trips made by McNutt, which carried him outside the limits of the State, took him outside the limits of Tarrant County, where he resided, an aggregate length of time of more than six months, the statute of limitation is to be tolled to this extent. This contention is overruled. There is no statute which provides for the tolling of the prescribed limitation period on account of absence of the defendant from the county of his residence, even though such absence occurs in the course of journeys made by him to points outside the State. The statute quoted above certainly does not so provide. Absence from inside the territorial boundaries of the State is what this statute contemplates. County boundaries are disregarded.

From what has been said, it follows that suit on the note in question was barred by the statute of four years limitation at the time this suit was commenced. For this reason, the trial court erred in rendering judgment for Cox. The judgment of the trial court and that of the Court of Civil Appeals affirming same are affirmed in so far as Mrs. McNutt is concerned, but in all other respects the judgments of both said courts are reversed and judgment is here rendered for the plaintiff in error, Ralph McNutt.

Opinion adopted by the Supreme Court, June 21, 1939.