**E. R. NICHOLS, Appellant,**

v.

**J. D. WHEELER, Receiver, Pioneer Western Mutual Insurance Company, Appellee.**

No. 10494.

Court of Civil Appeals of Texas.

Austin.

July 3, 1957.

Rehearing Denied July 17, 1957.

**230**

Dixie, Ryan & Schulman, Thomas O. McWhorter, all of Houston, for appellant.

V. F. Taylor, Horace Wimberly, both of Austin, for appellee.

GRAY, Justice.

This suit by the Receiver and statutory liquidator for Pioneer Western Mutual Insurance Company (later called Pioneer) against appellant is to enforce assessment liability on two automobile insurance policies issued by Pioneer to appellant. As originally issued these policies were for the following periods: No. AC 290, November 18, 1953 to November 18, 1954; No. AC 299, December 4, 1953 to December 4, 1954. They were cancelled January 15, 1954, at which time the short rate earned premium on policy No. AC 290 was $151 and on policy No. AC 299 the pro rata earned premium was $67.02.

The provision of these policies relative to contingent liability is:

"Mutuals-Participation Clause With Contingent Liability.

"Limit of Liability: The liability of each policyholder of this company is limited to, and by its by-Laws fixed and determined to be, the Deposit Premium or Premium Paid; and the member accepting this policy, assumed a contingent liability not exceeding the amount of Deposit Premium or Premium Paid named in the policy, which amount shall not exceed one annual premium."

Appellant answered and among other things alleged that the policies were cancelled on January 15, 1954, that no assessment of contingent liability was demanded within one year after the policies were

terminated, and that under Art. 15.11, Texas Insurance Code, V.A.T.S., he was not liable for any assessment.

This appeal is from a judgment (non-jury) awarding the receiver a judgment against appellant for $1,162 and interest from October 24, 1955, at the rate of 6 per cent per annum until paid.

On November 4, 1954, Pioneer was placed in temporary receivership and on November 30, 1954, a final judgment placing Pioneer in receivership was rendered. In each instance J. D. Wheeler was appointed receiver. At some time subsequent to this later date the receiver made a preliminary motion for authority to levy an assessment against the former policyholders of Pioneer. The date this motion was made is not shown, however, on October 3, 1955, the court entered an order approving this preliminary motion. On October 4, 1955, the receiver mailed appellant a letter stating:

"On October 3, 1955, the Court entered an order in the above styled case approving the Receiver's preliminary motion for authority to levy an assessment against former policyholders of Pioneer Western Mutual Insurance Company, San Antonio, Texas, and setting the final hearing date at 9:00 O'clock A.M., October 24, 1955, in the 98th District Courtroom, Travis County, Austin, Texas. Please take notice that the records of the Company show that you held a policy, and your assessment liability due under the terms of the policy are as follows:

"Policy Number AC 290, Assessment Due $581.00 In the event you do not wish to appear or be represented at this hearing, you may remit to me immediately the above assessment."

On October 24, 1955, an order was entered which in part reads:

"On the 24th day of October, A. D. 1955, came on to be heard the Application and Motion by J. D. Wheeler, as Receiver of Pioneer Western Mutual Insurance Company for authority to levy an assessment under the provisions of Article 15.11, Texas Insurance Code of 1951, as amended, and under the contingent liability clause of each policy issued by this company; * * * that the presentment of the Receiver's application for assessment was made within a reasonable time after Receivership; and the Court concludes as a matter of law that the assessment authorized by this order as set forth hereinafter is not precluded nor foreclosed by that portion of Article 15.11, Texas Insurance Code of 1951, as amended, which recites that 'no member shall be liable for any part of such contingent premium in excess of the amount demanded within one year after the termination of the policy.'

"* * * each former policyholder of Pioneer Western Mutual Insurance Company whose insurance policy was in force at any time between the dates November 30, 1953, and November 30th, 1954, inclusive, be, and is hereby assessed and levied the amount of the maximum annual premium, or premium deposit as reflected by the terms of each policy of insurance issued to or for the benefit of such policyholder, plus interest thereon at the rate of six per centum (6%) per annum from and after the date of this judgment; that J. D. Wheeler, as Receiver, collect said assessment and upon failure of any such policyholder or assignee to pay said amount to the Receiver, the Receiver is authorized to institute appropriate legal proceedings against any such delinquent policyholder, his heirs, legal representatives, and successors in interest, for collection thereof."

The order of October 24, 1955, is made the basis of this suit. In his brief appellee says that the

"Receiver did not have a cause of action to proceed against the Appellant Nichols until the District Court in October of 1955 entered its order and judgment of assessment authorizing the Receiver to collect such an assessment and to enforce his collection by suit against any policyholder who failed to pay when called upon."

Art. 15.11, Texas Insurance Code of 1951, in part provides:

"The policies shall provide for a premium or premium deposit payable in cash, and except as herein provided for a contingent premium at least equal to the premium or premium deposit. * * * If at any time the admitted assets are less than the unearned premium reserve, other liabilities and the required surplus, the company shall immediately collect upon policies with a contingent premium a sufficient proportionate part thereof to restore such assets, provided no member shall be liable for any part of such contingent premium in excess of the amount demanded within one year after the termination of the policy. The Board may, by written order, direct that proceedings to restore such assets be deferred during the time fixed in such order."

There is no order of the Board before us and admittedly the first notice to appellant of an attempt to make an assessment on the policies was mailed on October 4, 1955, and received by appellant about a week later. This was more than twenty months after the policies were cancelled.

Art. 15.11, supra, was amended by the 54th Legislature. Acts 1955, 54th Legislature, Ch. 117, pp. 413, 428. This amendment left out the provision as to the liability of members for amounts not demanded within one year of the termination of the policy. However the amendment was not in effect on the date the policies were cancelled or on the expiration date of either.

■ The effect of the cancellation of the policies by act of the parties on January 15, 1954, was to "annul or destroy; to revoke or recall the existing contracts", the effect of which was the release of the parties from further liability under the contract (except of course appellant's liability under Art. 15.11, supra). Otterbein v. Babor & Comeau Co., 272 N.Y. 149, 5 N.E.2d 71, 107 A.L.R. 1510. The cancellation of the policies was a termination of the policies prior to the end of the specified policy period. Beha v. Breger, 130 Misc. 235, 223 N.Y.S. 726.

■ On January 15, 1954, the contract of appellant with Pioneer was terminated within the meaning of Art. 15.11, supra. See 46 C.J.S. Insurance § 1476 Liability of Members p. 826.

■■ The fact that a receiver for Pioneer was appointed would not toll the running of the statute (Art. 15.11). It is the general rule that the appointment of a receiver does not affect the running of limitation. Houston Oil Co. v. Griffin, Tex. Civ.App., 166 S.W. 902. Er. ref.; Houston Oil Co. v. Brown, Tex.Civ.App., 202 S.W. 102. Er. ref.; United States Fidelity & Guaranty Co. v. First Nat'l Bank, Tex. Civ.App., 93 S.W.2d 562. Er. dis. agr.

Even if it be said that the suit was brought by the statutory liquidator, it was brought for the benefit of the creditors of Pioneer, and also if it be said that the assets of Pioneer were in custodia legis after November 4, 1954, still the receiver could, in either event, have proceeded as he did on October 3, 1955, and for which reasons time continued to run in the same manner as though Pioneer had continued as a going concern. McNutt v. Cox, 133 Tex. 409, 129 S.W.2d 626, 122 A.L.R. 941.

■ Demand was not made for the payment of any contingent premium under either policy within one year after Jan-

uary 15, 1954, and under the provisions of Art. 15.11, supra, there was no liability against appellant unless the order of October 24, 1955, is res judicata of that question and not subject to collateral attack.

In our consideration of the question of res judicata of, and collateral attack on, the order and judgment of assessment dated October 24, 1955, we think it is not necessary that we determine whether it is an order or a judgment. See 29 Tex. Jur. p. 1018, Sec. 4, "What is an Order." Neither do we think it necessary for us to discuss any difference in the application of the doctrine of res judicata to orders and to judgments. See 29 Tex.Jur. p. 1070, Sec. 39. This is true for the reason that it is necessary for us in any event to determine whether the trial court acquired jurisdiction over appellant.

Rule 124, Texas Rules of Civil Procedure, provides:

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."

Appellant did not accept or waive process and did not enter an appearance for the hearing of October 24, 1955. It then remains for us to determine whether there was service on him in a manner "otherwise expressly provided by law or these rules."

Appellee agrees that until the order and judgment of October 24, he had no cause of action against appellant. Quotation from his brief, supra. Then before the trial court could enter an "order and judgment" binding on appellant it was necessary that jurisdiction over him be acquired in a manner "expressly provided by law or these rules." Rule 124, supra.

As to notice the order and judgment of October 24, recited:

"* * * the Court finding this date as the one set for this hearing and that proper notices under instruction by the Court were mailed to all former policyholders whose addresses are known to the Receiver; * * *."

We have quoted supra the notice mailed to appellant.

The "Application and Motion" upon which the order and judgment of October 24 was entered was the institution or beginning of the proceeding against appellant and required that notice be issued and served in accordance with law or the provisions of applicable rules of civil procedure.

It is not asserted that appellant was a party to the original receivership proceedings or to any subsequent proceedings in that cause except the proceeding resulting in the judgment of October 24. Neither is it asserted that his residence was not known or that he did not reside within the State. In fact the notice to him supra was addressed to: "W. R. Nichols, West Forrest Lane Deer Park, Texas." Rules 101 and 106, Texas Rules of Civil Procedure, set out the requisites of a citation and its service. If applicable here, these requirements are mandatory and a failure to comply with such provisions renders the service of process here of no effect. Lemothe v. Cimbalista, Tex.Civ. App., 236 S.W.2d 681. Er. ref. Appellant did not appear at the hearing of October 24 and the judgment, if it is a judgment, against him without proper service of citation is void. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934. Here the judgment recites an unauthorized service. Unless authorized by lawful authority service by mail cannot be made. Doak v. Biggs, Tex.Civ.App., 235 S.W. 957.

It is not clear from the record before us under what authority the trial court purported to act in instructing notices to be mailed. However so far as the record

discloses appellant was not and had never been a party to any cause then pending before the court and the request of the receiver for authority to levy an assessment against former policyholders was the beginning of the receiver's attempt to enforce liability for assessments against him. Then if the grant of authority to levy an assessment against former policyholders (judgment of October 24, supra) is urged as res judicata of that question it must fail for lack of lawful notice. Rule 21a, Texas Rules of Civil Procedure, is not authority for the trial court's instruction to mail notices because it provides that notices "other than the citation to be served upon the filing of a cause of action" may be given or served "in such manner as the court in its discretion may direct." We have already illustrated that appellant was subject to personal service. "If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S.W.2d 142, 147.

In support of his contention that the judgment of October 24, 1955, is res judicata of appellant's liability for assessment appellee cites Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W. 2d 336. Er. ref. That was a suit brought May 31, 1935, by the receiver and trustee for Lumberman's Reciprocal Association against Southern Ornamental Iron Works to recover judgment for $1,429.23 with interest from May 1, 1933. The Iron Works was a subscriber to, and a policyholder in, the association during the period from July 1, 1929, to July 31, 1930. The receiver for the association was appointed July 31, 1930, and on May 1, 1933, in Cause No. 51,867, a judgment was entered in a class suit brought to establish and fix the assessment liabilities of all members of the association who were subscribers and policyholders during the period from July 1, 1929, to July 31, 1930. By the judgment (Cause 51,867) an assessment of 33 per cent of the booked and earned premiums during the period

from July 1, 1929, to July 31, 1930, against each subscriber to and policyholder in the association was made, and the receiver was authorized to collect the same. The amount so assessed resulted in a liability of the Iron Works for $1,429.23. A judgment for this amount and interest was rendered by the trial court. The appeal was disposed of on the following two questions:

"1. Was the suit in Travis county, cause No. 51867, a proper 'class suit,' such as to bind all subscribers at Lumbermen's Reciprocal Association, holding effective policies between the period of July 1, 1929, and July 31, 1930?

"2. Was said judgment a final one, and such as to show upon its face that the court had jurisdiction of the subject-matter and the parties?"

The Iron Works was not one of the defendants (in the class suit) but there was no question as to service of citations on those who were. The question was the sufficiency of such service to bind the Iron Works.

Even if we classify the application that resulted in the judgment of October 24. a class suit, the above decision does not decide the question of the issuance and service of notice presented here.

Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857, may also be cited as upholding the decision in Southern Ornamental Iron Works v. Morrow, supra. There the question presented was the binding force of a judgment rendered in a class suit fixing the assessment liability of all subscribers of National Indemnity Underwriters. The judgment became final April 8, 1941. On May 16, 1941, Richardson brought a bill of review to test the validity of the prior judgment. Richardson asserted that the prior suit was not a fair adjudication of his liability for assessments on the ground among others that he was not a party to that suit. The court cited Southern Ornamental Iron Works v. Morrow, supra, and approved its holding. However the only

question relating to the sufficiency of service of citation was the sufficiency of service in the prior suit (class suit) to bind Richardson.

The two above opinions are not controlling here because we are not confronted with a class suit wherein a judgment was rendered after proper service was had on those named as representatives of the class. Here the judgment of October 24 was rendered on unauthorized service of notice by mail.

We conclude that the order or judgment of October 24 whatever its effect otherwise is not res judicata as to the personal defenses presented by appellant in this suit.

The letter of October 4, 1955, was the first notice to appellant of any assessment of liability against him. If this letter is construed as a demand for payment of the assessment, which we think it was, then it was made more than twenty months after appellant's policies had terminated and the statute, Art. 15.11, supra, afforded appellant a complete defense. This defense was urged in this cause and the trial court erred in overruling it.

The time element of liability of policyholders was fixed by Art. 15.11, supra, and no demand having been made of appellant for payment of any contingent liability within one year of the termination of the policies in question appellant was not liable.

Appellee cites Sec. 7 of Art. 21.-28, Texas Insurance Code, and says it spells out the right and duty of the receiver to make application for assessments against members of mutual insurers. The section in part provides that:

"Within four (4) years from the date of an order of rehabilitation, or liquidation, of a domestic insurer, the receiver may make an application to the court to levy an assessment against the members of a mutual insurer * *."

It further provides in subsection (b) that:

"Upon such notice as may be designated by the court, the court shall proceed to consider such report and may levy one or more assessments."

The above section 7 is a part of the amendment enacted by the 54th Legislature in 1955. Acts 1955, 54th Leg., Ch. 267, pp. 737, 743. It was not in effect at the times material here and cannot control appellant's liability.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing against appellant.

Reversed and rendered.