BENJAMIN HOLSKIN, Trading as B. HOLSKIN & Co., Respondent, *v.* JACOB HURWITZ, Trading as J. HURWITZ COMPANY, Appellant.

First Department, February 6, 1925.

Insurance — fire insurance — action against insurance broker — sufficiency of complaint — complaint alleges that broker took policy for purpose of procuring rate reduction and that policy was canceled without knowledge of insured until after fire — complaint fails to allege that policy did not expire before fire — complaint does not show that policy was lawfully canceled — complaint does not show right of recovery if policy had been in force — complaint is insufficient.

A complaint in an action by the insured in a fire insurance policy against an insurance broker to recover damages, which alleges that the broker asked the insured for the policy for the purpose of procuring a rate reduction, and that the insured gave him the policy which was not returned and which was canceled by the insurance company without the knowledge of the insured and subsequently the insured's property was burned, is insufficient, since it does not allege the terms of the policy or that it would not have expired before the fire, nor that the policy was lawfully canceled by the insurance company, and since, assuming that the policy was in force at the time of the fire, it does not allege facts sufficient to entitle the insured to recover on the policy in an action against the insurer.

APPEAL by the defendant, Jacob Hurwitz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of April, 1924, denying defendant's motion made under rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Horowitz, Riedler & Hurwitz* [*William Macy* of counsel], for the appellant.

*Simon N. Gazan,* for the respondent.

BURR, J.:

Plaintiff claims he gave defendant, an insurance broker, a fire policy for the sole purpose of having a rate reduction made; that the insurance company instead, canceled the policy, and so notified defendant, but defendant did not transmit this notice to plaintiff. A fire occurred some time after the cancellation, and plaintiff sues for damages sustained by the fire, asserting that the proximate cause of the loss was defendant's failure to notify plaintiff of the cancellation of the policy.

The allegations of the complaint are as follows: That on July

21, 1923, plaintiff had a fire policy in a Pennsylvania company; that on that day defendant notified plaintiff that the rate on the policy had been reduced, and requested plaintiff to deliver the policy to him for the purpose of obtaining the rate reduction. Plaintiff accordingly did so, and received a receipt on July 21, 1923, stating that defendant had received the policy " for rate reduction." · Plaintiff alleges that he assumed that defendant kept the policy in his possession; that in fact the policy was canceled in August, 1923, notification thereof having been given by the insurance company to defendant; that plaintiff knew nothing of the cancellation until about January 1, 1924, when a fire occurred in plaintiff's premises and he discovered when he went to defendant that the policy had been canceled in August.

The theory of liability advanced in the complaint is, that it was defendant's duty " under the circumstances " to have notified plaintiff of the cancellation, so that plaintiff could have protected himself by obtaining other insurance, and that the " direct and proximate cause of his loss was the negligence and breach of duty of defendant in not informing him of the cancellation, or attempted cancellation."

The answer admits the receipt of the policy for purpose of obtaining a rate reduction but otherwise denies generally.

After joinder of issue defendant moved for judgment upon the pleadings. This motion was denied. The learned court below, in its opinion, sets forth plaintiff's claim as being based on defendant's neglect to " keep alive " or to " replace " the policy. On the contrary, the basis of the complaint is defendant's failure to notify plaintiff of the cancellation of a policy which he had received for the sole purpose of rate reduction.

Plaintiff not only failed to annex a copy of the policy to the complaint, but failed even to allege the terms of the policy. He fails to state when the policy was issued, or for what number of years it was to run. In other words, it is impossible to ascertain from the complaint what the expiration date of the policy was, so that, for all that appears in the complaint the policy would have expired, in any event, some time before the fire occurred. If this be so, there is no connection between defendant's failure to notify plaintiff of the cancellation, and the subsequent loss by fire. If the policy by its terms expired in 1923, the plaintiff would not have been able to recover under the policy whether it had been canceled or not.

It is not claimed or alleged that defendant undertook to keep the policy alive or to obtain a renewal thereof, and if, by its terms, the policy expired before January 1, 1924, it was plaintiff's duty

to inform himself of the expiration date and to take steps to renew the policy, if he cared to do so. It was not defendant's duty to renew the policy, nor does plaintiff claim that the loss was sustained by reason of defendant's failure to obtain a renewal.

Defendant did not obligate himself to advise plaintiff of the expiration date of the policy nor was it defendant's duty, either under the allegations of the complaint or as matter of law, to advise plaintiff that the policy expired at any particular time. (*Fries-Breslin Co.* v. *Bergen*, 176 Fed. 76; S. C., 215 U. S. 609.)

The terms of the policy were always within the knowledge of the plaintiff, and if he failed to remember that the policy expired at a certain time before the fire, it was his own negligence, and not defendant's, which prevented plaintiff from renewing his policy.

The complaint does not show that the policy was lawfully canceled and that consequently plaintiff's right of action against the insurance company was lost by reason of defendant's negligence. In the absence of anything to the contrary appearing in the complaint, it is to be presumed that the policy contained the standard provision permitting cancellation only on five days' notice to the assured. (*Eckert & Co.* v. *Pathé Frères*, 174 N. Y. Supp. 740.)

A notice not sent within five days is ineffective, and it does not appear from the complaint that a five-day notice was sent. The notice, furthermore, must be sent to the assured. A notice sent to a broker who has received only a special instruction and not a general agency is of no avail, and if plaintiff had sued the insurance company on the policy, the sending of the cancellation notice to defendant would have been no defense. (*Healy* v. *Ins. Co.*, 50 App. Div. 327; *Hermann* v. *Niagara Fire Ins. Co.*, 100 N. Y. 411.)

It follows that plaintiff has not shown that the policy was rightfully and lawfully canceled by the company; and, therefore, for aught that appears in the complaint, plaintiff's rights under the policy still exist, and defendant's neglect to inform plaintiff of the cancellation would not give rise to any cause of action for damages.

Assuming that the policy would have been in force at the time of the fire, the complaint still fails to show that plaintiff had complied with the terms of the policy.

Plaintiff also alleges that the loss which he sustained was the amount which plaintiff would have received under the policy, $2,500. If plaintiff claims that he would have been able to recover upon his policy but for defendant's neglect, there are not sufficient or proper allegations in the complaint upon which to base a recovery, because plaintiff fails to allege that he had performed the conditions of the policy so as to place himself in a position to claim

insurance — he does not allege that he had an insurable interest in the goods either at the time the policy was issued or at the time of the fire; and further, he does not allege that the loss occurred through a hazard provided against in the policy. (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52.) The complaint fails to state facts sufficient to constitute a cause of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to plead over on payment of said costs within twenty days after entry of order herein.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.