HENRY R. ZEIGER AND ELIZABETH I. ZEIGER, Appellants, v. THE FARMERS' & LABORERS' COOPERATIVE INSURANCE ASSOCIATION OF MONROE COUNTY, MISSOURI, a Corp., THE FEDERAL LAND BANK OF ST. LOUIS, a Corp., SHELBY-MONROE NATIONAL FARM LOAN ASSOCIATION, a Corp., FRED B. BYRD and LAILAH BYRD, His Wife, FEDERAL FARM MORTGAGE CORP., Respondents.—No. 40524.— 214 S. W. (2d) 426.

Division Two, November 8, 1948.

*Roy Hamlin, Waldo Edwards* and *Gaylord Wilkins* for appellants.

*Lane B. Henderson* for respondents Byrd.

*Ralph Nolen* and *Olliver W. Nolen* for respondent Farmers' & Laborers' Cooperative Insurance Association of Monroe County.

*G. V. Head* for respondents The Federal Land Bank of St. Louis, Federal Farm Mortgage Corporation and Shelby-Monroe National Farm Loan Association.

358

[426] WESTHUES, C.—Plaintiff, Zeiger, and his wife filed this suit to set aside a deed to a tract of land executed pursuant to a foreclosure sale under a deed of trust or mortgage at Paris, Monroe County, Missouri. The trial court denied the relief asked for and plaintiffs appealed.

The defendants named were: The Farmers' & Laborers' Co-operative Insurance Association of Monroe County, Missouri, A Corporation; The Federal Land Bank of St. Louis, A Corporation;

Shelby-Monroe National Farm Loan Association, A Corporation; Fred B. Byrd and Lailah Byrd, his wife; and Federal Farm Mortgage Corporation. The only parties that need be mentioned in the course of the opinion are the plaintiffs and the two defendants, The Federal Land Bank and The Insurance Company.

[427] The evidence reveals that in 1933 plaintiffs owned the tract of land in question. During that year they obtained a loan from the defendant, Federal Land Bank, in the sum of $2,500. Plaintiffs were required by the terms of the mortgage to keep the buildings on the land insured. On June 21, 1937, the defendant, Cooperative Insurance Association, issued a five year policy for plaintiffs covering the buildings on the land for a total of $2,900. The sum of $2,000 was placed on the dwelling which burned on July 12, 1940. In September, 1942, the Federal Land Bank foreclosed under the mortgage for alleged default in payment of the debt and defendants, the Byrds, were the purchasers for the sum of $1,610. This was less than the amount due on the loan on the date of the fire. The defendant insurance company was a farmers' mutual fire insurance company, governed by Art. XV, Chap. 37, page 1013, Mo. R. S. Ann., R. S. Mo., 1939. This company had a constitution and by-laws which under the law constituted a part of the contract of insurance. The constitution and by-laws were printed on the face of the policy. Haseltine v. Farmers' Mut. Fire Ins. Co. of Billings, Christian County, Missouri, 263 S. W. 810, 1. c. 812 (1). Under Sec. 6177 and the constitution and by-laws of the company, the Board of Directors was given authority to levy assessments from time to time against the members or the policyholders to pay for losses sustained. The evidence shows that on November 23, 1938, and again on September 15, 1939, the Board of Directors ordered an assessment of twenty-five cents on each $100 of the policy. Each assessment against plaintiffs was in the sum of $7.25. The evidence further discloses that these assessments were not paid; that notices of these assessments were mailed to Zeiger and that another notice was mailed informing him his insurance had been suspended and that by paying assessments in arears the policy could be reinstated. To refute this evidence Zeiger testified that he paid all assessments of which he received notice. The trial court found that the notices had been mailed but that the assessments were not paid. The evidence does not permit any other inference to be drawn. Since plaintiffs failed to pay their assessments the insurance was suspended. The contract of insurance so provided. Note the following provision in the constitution:

"And if any member shall fail to pay the amount of such assessment within thirty days from the time the notice is so mailed, then such member shall at the expiration of said time be barred from any benefits of this Association, whether of insurance or otherwise; pro-

vided, that if such member shall at any time after the expiration of said thirty days pay his original assessment and all other assessments subsequently made, he shall be reinstated as a member of the Association, but the Association shall in no event be liable for any loss taking place during the time of such default; provided, further, that in any event such member shall be liable for the assessment of which he has been notified as above provided, and for such other assessments as may be made during the thirty days herein provided.''

Therefore, under the terms of the policy plaintiffs did not have their buildings covered by insurance at the date of the fire. 45 C. J. S., Sec. 576, pages 371, 372; 44 C. J. S. 1365, Sec. 372; Williams v. Northeast Mut. Ins. Ass'n., 72 S. W. (2d) 166; Day v. Supreme Forest, Woodmen Circle, 174 Mo. App. 260, 156 S. W. 721; Hamilton v. Northeast Mut. Ass'n., 116 S. W. (2d) 159, l. c. 164 (8).

■ Plaintiffs contended at the trial, as they do here, that even though the assessments were not paid the insurance company nevertheless paid $2,000 to the defendant bank under a mortgage clause of the policy; that this should have been credited to their notes and therefore they were not in default on the payments at the time of foreclosure, hence, the sale was void. The mortgagee clause of the policy provided that any loss or damage under the policy was payable to the Federal Land Bank ''as interest(s) may appear.'' This clause also provided that in case the mortgagor should fail to pay any premium due under the policy the insurance company was to give [428] the bank notice of the default, then if the bank desired to continue the insurance it was to pay the premium within ten days after such notice. It was conceded that the insurance company failed to notify the bank of the default in the payment of the assessments due on the policy. After the fire the bank demanded payment, by the insurance company, of the full amount of the policy covering the dwelling, that is, $2,000. The insurance company refused but tendered a less amount. The matter was settled by the insurance company paying the bank the full amount of $2,000, but at the same time the parties entered into an agreement wherein it was stated that the insurance company was denying liability under the policy and that the amount was being paid to the bank under the mortgagee clause. The agreement provided further that the bank would assign to the insurance company the notes and mortgage when and if the amounts due the bank were paid in full by plaintiffs. The bank claimed only as much of the $2,000 as would be required to pay plaintiffs' notes in full. The insurance company claimed the balance. The bank held the $2,000 but did not give any credit on plaintiffs' notes. After the foreclosure proceedings were had the bank applied a sufficient amount of the $2,000 to the indebtedness to pay it in full. Plaintiffs claim the bank should have credited the $2,000 on the

notes on the date it received the money. The question is, were plaintiffs entitled to any part of the $2,000 paid to the bank? Plaintiffs claim that they were not bound by the agreement entered into between the bank and the insurance company at the time payment of the $2,000 was made to the bank. In this plaintiffs are correct. They state their position in their brief as follows:

"Under the laws of Missouri, and the facts in this case, the obligation of the insurance company to pay the Land Bank under the policy of insurance and the mortgage clause affixed thereto became fixed, either at the date of the fire, or, at most, upon the receipt of the proof of loss, or the waiver of them; that the insurance company was not entitled to attach conditions to its payments under the mortgage clause of the amount due under the policy. Neither could the Land Bank and the insurance company, either by agreement or contract, postpone the date when the loan to the Land Bank was due, and consequently, the amount of the mortgage has to be determined as of the date when the payment was due and is not to be calculated from the date that the Land Bank accepted the money under the so-called subrogation agreement."

Did plaintiffs have any rights under the policy at the time of the fire? The answer must be in the negative. As noted above and the cases cited, failure to pay assessments suspended all rights of plaintiffs under the policy. The insurance company's failure to notify the bank as the mortgagee clause required rendered the insurance company liable to the bank for any loss sustained thereby. However, this liability did not arise under the policy but under the terms of the mortgagee clause. Plaintiffs remained liable to the bank for the full amount of the indebtedness. The right or cause of action the bank had against the insurance company for failure to notify the bank of the delinquency in the assessments did not inure to plaintiffs but was personal to the bank. Loewenstein v. Queen Ins. Co., 227 Mo. 100, 127 S. W. 72, was cited by plaintiffs as authority for their claim. In that case the insurance was in full force at the time of the fire. The insurance company contended the owner of the property had failed to comply with the terms of the policy pertaining to the proof of loss. The court held the company had waived the proof of loss and hence the insurance was in force for the owner's benefit. The court in that case held that the mere claim of nonliability on part of the insurance company did not operate as a subrogation of the rights of the mortgagee to the insurance company, but that there must be in fact a valid defense against the owner of the property. In other words, if there were actually no liability to the owner at the time of the fire but there was liability to the mortgagee because of the mortgagee clause, and if the insurance company paid the loss, then the insurance company would be subrogated to the

rights [429] of the mortgagee. The situation in the case before us is, that neither plaintiffs nor the bank had any rights under the policy of insurance at the time of the fire. The bank did have some rights under the mortgagee clause for failure of the insurance company to notify the bank of plaintiffs' default in payment of assessments. The evidence shows that after the fire plaintiffs also failed to make the payments required by the terms of the note and mortgage. This justified the institution of foreclosure proceedings.

Plaintiffs also cite and quote from Hartford Fire Ins. Co. v. Bleedorn, 132 S. W. (2d) 1066, l. c. 1071, 235 Mo. App. 286. In that case the insurance was admittedly in force and the insurance company admitted liability. The dispute was whether the mortgagee was to receive all of the money to be paid by the insurance company or whether the owner was entitled to benefit of the proceeds. The St. Louis Court of Appeals held, and correctly so, that the policy having been issued on application of the mortgagee and the premium charged to the mortgagor the policy was issued for the benefit of the mortgagor. It is evident the case does not aid plaintiffs. Miller v. Union Assur. Soc., Ltd., of London, England, 39 Fed. (2d) 25, cited by plaintiffs, is authority against their position. In that case the insurance policy was in force at the time of the fire. The insurance company claimed that the owner of the property had violated the terms of the policy by permitting the property to be occupied by a distiller. The insurance company canceled the policy after the fire as of the date the distillery was moved into the property. The insurance company was forced to pay the mortgagee because under the terms of the policy no act of the owner of the property would cancel the policy as to the mortgagee. The insurance company then recovered judgment against the owner for the amount it was forced to pay the mortgagee. The court held that the insurance company was subrogated to the rights of the mortgagee.

The mortgagee clause attached to the policy was, as plaintiffs say in their brief, a standard union mortgagee clause. Such a clause is a separate and distinct contract for the benefit of the mortgagee. Trust Co. of St. Louis County v. Phoenix Ins. Co. of Hartford, Conn., 201 Mo. App. 223, 210 S. W. 98, l. c. 102 (3, 4); Wisman v. Hazel Dell Farmers Mut. Fire & Lightning Ins. Co., 230 Mo. App. 489, 94 S. W. (2d) 908; Prudential Ins. Co. of America v. German Mut. Fire Ins. Ass'n. of Lohman, 60 S. W. (2d) 1008, l. c. 1010 (4) (first appeal), 231 Mo. App. 699, 105 S. W. (2d) 1001; 26 C. J. 239; Appleman Insurance Law & Practice, Vol. 5, Sec. 3401, page 552, l. c. 559.

Plaintiffs had no rights under the policy at the time of the fire and we restate, as stated above, that the only claim the bank had was for breach of contract under the mortgagee clause. This clause being a separate contract for the benefit of the bank, plaintiffs had no in-

terest therein. Appleman Insurance Law & Practice, Vol. 5, page 538, Sec. 3383; Sterling Fire Ins. Co. v. Beffrey, 48 Minn. 9, 50 N. W. 922; Gillespie v. Scottish Union & Nat. Ins. Co., 61 W. Va. 169, 56 S. E. 213.

■ Appellants say that the assessments alleged to have been unpaid were void because all assessments were twenty-five cents on the $100 insurance, the maximum permitted, and not based on a pro rata of the actual losses. The evidence of the secretary of the insurance company, quoted by appellants in their brief, seems to sustain their contention. However, when the entire evidence of this witness is examined it clearly shows that it. was the policy of the board to make assessments whenever the losses were sufficient to justify an assessment of twenty-five cents. The record does not show that appellant, Zeiger, was assessed any more than his pro rata share of the amount of the losses. Plaintiffs in their petition did not claim that the assessments were illegal. Treating the question as though it were an issue in the case the point must be decided against appellants. The method of assessments was a substantial compliance with the method [430] prescribed by the constitution of the company. That was all that was necessary. 46 C. J. S. 827, Sec. 1477.

■ Appellants contend the trial court erred in not permitting plaintiffs to file an amended petition and also in striking from the reply matters contained in the proffered amended petition. The alleged cause of action, as stated in the amended petition and as stricken from the reply, was based upon substantially the same facts as the case tried and now here for review. The unsurmountable obstacle confronting plaintiffs in the case tried would also have been present if the case had been tried on the amended pleadings, the obstacle being that the insurance policy had been suspended long before the fire. Therefore, we need not decide whether the trial court should have, under the new code, permitted the amended pleadings to be filed.

Our conclusions on the merits of this case are in harmony with the the result reached by the trial court and the judgment is therefore affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.