■ JAMES J. KIMBALL, Appellant, v. CLINTON COUNTY NEW PATRONS FIRE RELIEF ASSOCIATION et al., Respondents.— *Per Curiam*. Appeals from an order of the Supreme Court at Trial Term which granted defendants' motion, made at the close of the plaintiff's case, to dismiss the complaint, and from the judgment entered thereon, in an action to recover damages for the destruction of plaintiff's buildings by fire some nine and one-half months after the stated expiration date of a policy of fire insurance issued thereon by defendant association. The complaint charged (1) that defendants "failed to notify the plaintiff of any assessment due or any expiration or cancellation of said policy in pursuance of the terms of the contract and in pursuance of the course of conduct of the defendants during the course of more than thirty years"; and (2) that defendants were "negligent in failing to inform or give notice to the plaintiff of any assessments due * * * [and] in failing to * * * give the plaintiff any notice of any cancellation or expiration of [the] policy". The policy was not cancelled during its term. It contained no provision requiring notice of its expiration at the expiration date appearing therein; nor, of course, was there a requirement of notice of any assessment not applicable during its term. The "course of conduct" upon which appellant strongly relies seems to have been no more than the custom of the insured and the insurer's agent to sit down, as plaintiff expressed it, and discuss renewal of the existing coverage, or of new or different coverage, followed by the execution by insured of a written application and the subsequent issuance of a new policy. Plaintiff testified, candidly and unequivocally, that he had no agreement with any representative of the insurance company for the renewal of the policy last in effect prior to the fire. "The terms of the policy were always within the knowledge of the plaintiff, and if he failed to remember that the policy expired at a certain time before the fire, it was his own negligence, and not defendant's, which prevented plaintiff from renewing his policy." (*Holskin* v. *Hurwitz*, 211 App. Div. 731, 733.) Judgment and order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.