[Civ. No. 28347.    Second Dist., Div. Four.    Oct. 8, 1965.]

ALLAN NORKIN, Plaintiff and Appellant, v. UNITED STATES FIRE INSURANCE COMPANY, Defendant and Respondent.

Hall, Moore & Olson and Joseph E. Hall for Plaintiff and Appellant.

Schell & Delamer and Fred B. Belanger for Defendant and Respondent.

JEFFERSON, J.—Plaintiff appeals from a judgment of dismissal entered after the trial court sustained the demurrer of defendant United States Fire Insurance Company (hereinafter called the Insurance Company), to plaintiff's second amended complaint, without leave to amend. Demurrers to two prior complaints filed by plaintiff had been sustained with leave to amend. All demurrers contained among other grounds that the complaint did not state facts sufficient to constitute a cause of action.

In his second amended complaint plaintiff purports to set out three causes of action against defendant Insurance Company and several "Doe" defendants. In his first stated cause of action plaintiff alleges that defendant Insurance Company issued a policy of liability insurance to plaintiff for the period commencing January 19, 1961, and ending January 19, 1962. The policy provided for uninsured motorist coverage. In February 1961, plaintiff was involved in an automobile accident caused as result of the negligence of an uninsured motorist. Plaintiff submitted a claim to defendant for injuries suffered in the accident. The claim was thereafter settled to plaintiff's satisfaction. When the policy expired by its terms on January 19, 1962, defendant refused to do further business with plaintiff and forced plaintiff to go elsewhere to obtain "less desirable insurance" at increased rates. It is further alleged that defendants "did misrepresent and conceal and did further fail to disclose that they would fail to do further business with this plaintiff if he had the audacity to present a claim under said policy of insurance." In addition there are general allegations of intent to induce reliance and justifiable reliance. As damages plaintiff charges that he sustains an out-of-pocket loss of $250 each year for his "lifetime" caused by additional premium charges. He also seeks "additional damages of a consequential nature" in the amount of $50,000.

The second alleged cause of action incorporates the first cause of action, and further alleges that defendants "agreed

together to refuse to deal with this plaintiff on a concerted basis, and that such did not have a reasonable and justifiable business objective," that such action was "arbitrary" and "contrary to the public interest."

In the third stated cause of action, the first and second alleged causes of action are incorporated, and it is additionally alleged, that the defendants "intentionally and maliciously" agreed to defraud plaintiff, and "unreasonably" refused to do business with him "in providing additional and continuing automobile liability insurance coverage."

Plaintiff concedes in his brief on appeal that he has "outlined his cause of action as best he was able" in his second amended complaint and that he does not wish to further amend. Under these circumstances, since it is obvious that he has not stated a cause of action under existing law, the trial court quite properly sustained the demurrer without leave to amend.

■ Initially it is to be noted that "It is a cardinal rule of pleading that fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud. It is not sufficient to allege it in general terms, or in terms which amount to mere conclusions." (*Hannon* v. *Madden*, 214 Cal. 251, 267 [5 P.2d 4].) ■ "The elements of fraud, which give rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." (2 Witkin, Summary of Cal. Law (1960) p. 1372.) ■ It is not necessary to consider whether plaintiff has sufficiently pleaded the latter four elements of fraud, for it is clear that he has not sufficiently alleged the first element, namely, a false representation.

Plaintiff's allegations that defendant "did misrepresent and conceal and did further fail to disclose" that defendant would not continue to do business with plaintiff if plaintiff submitted a claim under the policy, are not allegations which indicate a breach of any duty owed to plaintiff. In his brief on appeal plaintiff apparently speaks of an affirmation of fact when he speaks of a false representation. His amended complaint however, does not allege that defendant made any promise with respect to the renewal of his policy when it expired. He concedes, "without any equivocation," that the Insurance Company did not cancel his insurance and that the policy in question, a copy of which is attached as an exhibit to plaintiff's

original complaint, contains no promise, express or implied, that the Insurance Company would renew the policy at its expiration. The policy, on the other hand, contains a provision which states that by acceptance of the policy plaintiff agreed that it embodied all agreements existing between himself and the Insurance Company (or any of its agents) relating to the insurance afforded.

Since plaintiff nowhere alleges facts to support his claim of an express promise to renew, his first cause of action must rest, if it can have any validity, on the theory of a violation of subdivision 3 of section 1710 of the Civil Code—"The suppression of a fact, by one bound to disclose it. . . ." But plaintiff cites no authority, and we know of none, which requires that an insurance company, a private business, must continue to contract with an insured after the original policy has, by its terms, expired. There being no such obligation, the insurance company here was under no duty to disclose its intentions to plaintiff, assuming that they existed.

The second stated cause of action is no more effective. The alleged conspirators who are designated by fictitious names are not alleged to have anything to do with the insurance business, nor are they identified in any other way. There are no facts from which it could be determined that the alleged conspiracy had the purpose or effect of restraining trade. The complaint, thus, clearly falls short of stating a violation of the antitrust laws. (See *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34 [172 P.2d 867].)

Nor does the third stated cause of action add anything material. The only additional allegations therein contained are the allegations that the defendants acted "maliciously" and "unreasonably"—conclusionary allegations which, unsupported by any specification of facts, add nothing to the insufficient allegations in the two earlier causes of action.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.