## 18548

UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v. SECURITY FIRE AND INDEMNITY COMPANY, Norman Turbeville and Willie Lee Hemingway, Defendants, of which Security Fire and Indemnity Company is Appellant.

(149 S. E. (2d) 647)

*Messrs. Nettles & Thomy* and *Dalton B. Floyd, Jr.,* of Lake City, *for Appellant,*

*Messrs. Belser, Belser & Baker,* of Columbia, *for Respondent,*

August 4, 1966.

LEWIS, Justice.

The question for decision in this appeal is whether an insurer who certifies a policy of motor vehicle liability insurance to the State Highway Department as proof of financial responsibility for an insured, showing the expiration date of the policy so certified, is required to subsequently give the ten days' notice to the Department of the termination of the policy, as provided in Section 46-702 (7) (h), 1965 Supplement to the 1962 Code of Laws, before the policy can effectively terminate according to its terms?

On August 30, 1964, Willie Lee Hemingway was involved in a collision with a vehicle driven by Norman Turbeville. Turbeville was injured in the accident and subsequently, in an action brought by him, recovered judgment against Hemingway in the amount of $10,029.24. Turbeville had in force a liability insurance policy issued by plaintiff, United States Fidelity and Guaranty Company, containing the statutory uninsured motorist coverage. Section 46-750.33 et seq., 1965 Supplement to the 1962 Code of Laws. Hemingway, against whom the judgment was obtained, had been previously issued a liability policy by defendant, Security Fire and Indemnity Company. Question arose between plaintiff and Security as to which was liable for the payment of the judgment obtained against Hemingway. Security denied liability under its policy upon the ground that it had lapsed for nonpayment of premium. If Security's policy was in force, of course, it would be liable for the payment of the judgment obtained against its insured Hemingway. If it was not in force, then Hemingway was an uninsured motorist

and liability would fall on plaintiff under the uninsured motorist coverage provided in its policy.

Security issued its policy to Hemingway on August 20, 1963 under the South Carolina Assigned Risk plan for a term of one year, expiring on August 20, 1964. On April 30, 1964, pursuant to the requirement of the South Carolina Highway Department, Security filed an SR-22 Form (Financial Responsibility Insurance Certificate) with the Department, certifying the existence of coverage of Hemingway under the policy. The policy was described on the SR-22 Form as "Current policy Number AC 14207 effective from 8/20/63-8/20/64;" and the form contained the following certificate: "This certification is effective from April 18, 1964, and continues until canceled or terminated in accordance with the financial responsibility laws and regulations of this State."

Sometime prior to the expiration date of the policy, Security gave notice to the insured Hemingway that the policy term expired on August 20, 1964 and would be renewed if the renewal premium was paid at least fifteen days prior to such expiration date. The renewal premium was not paid.

The insured Hemingway was involved in the collision in question on August 30, 1964, which was subsequent to the expiration date of August 20, 1964, as shown in the policy and the certification thereof to the Department. However, it is conceded that no ten days' written notice of cancellation or termination of the policy had been given by Security to the Highway Department as set forth in Section 46-702 (7) (h), the pertinent language of which is as follows:

"(h) *Notice required to cancel certified policy; cancellation by subsequent policy:* When an insurance carrier has certified a motor vehicle liability policy under § 46-748 or 46-749, the insurance so certified shall not be cancelled or terminated until at least 10 days after a notice of cancellation or termination of the insurance certified shall be filed with the Department, except that a policy subsequently procured and certified shall at 12:01 A.

M., on the effective date of its certification, terminate the insurance previously certified with respect to any motor vehicle designated in both certificates."

Upon the denial of liability by Security, this action for declaratory judgment was brought by plaintiff to determine whether it or Security was liable for the payment of the foregoing judgment. While Turbeville and Hemingway were made parties, the controversy here is between plaintiff and Security. The issues were referred to the Master for Richland County and tried upon an agreed statement of facts. The Master concluded that the policy of Security afforded coverage for its insured Hemingway at the time of the collision, because of the failure of Security to give the statutory ten days' written notice of termination of its policy to the State Highway Department; and that in any event Security was estopped to assert that its policy was not in full force and effect. The report of the Master was affirmed by the circuit court and Security has appealed from such judgment. In view of our conclusion that the policy of Security remained in effect because of the failure to give the statutory notice, it becomes unnecessary to consider the question of estoppel.

It is the contention of plaintiff, sustained by the Master and lower court, that Security, having certified its policy to the Highway Department, could not terminate it without giving to the Department the ten days' notice required by Section 46-702 (7) (h) and that, since such notice had not been given, the policy continued in full force and effect on August 30, 1964, the date of the aforesaid accident.

Security on the other hand takes the position that notice is required to be given to the Department of the cancellation or termination of a certified policy only where the insurer for some reason desires to cancel or terminate the policy before the expiration of the term for which it was originally written and that such notice is not required to terminate coverage at the expiration of the term stated in the policy. Additionally, Security argues that, even if notice is required

to be given in order to terminate the policy at the end of the term stated therein, sufficient notice was given in this case by virtue of the filing by defendant of the SR-22 Form upon which the expiration date of the policy was shown.

This decision turns upon the proper interpretation to be placed upon the notice requirements of Section 46-702 (7) (h), quoted above. This section is a part of the South Carolina Motor Vehicle Safety Responsibility Act and applies to the cancellation or termination of certified policies of liability insurance, that is, policies certified to the Highway Department as coverage for motorists whose privilege to operate a motor vehicle upon the highways of this State has been suspended until proof of financial responsibility is furnished to the Department.

A motorist, whose license to operate a vehicle has been suspended under the provisions of the Motor Vehicle Safety Responsibility Act, is required, before the privilege of operating a vehicle is restored, to "give and thereafter maintain proof of financial responsibility." Sections 46-722 and 46-744, 1962 Code of Laws. The Act contemplates continuous coverage of such insured and devolves the duty of enforcing the requirement upon the State Highway Department. This duty could not be accomplished unless the Department has the advance notice required to place into operation the administrative procedures necessary to accomplish such purpose. Provision is made in Section 46-702 (7) (h) for the giving of such notice to the Department by placing the burden upon the insurer to give notice that a policy previously certified will be cancelled or terminated; and the provisions of this section become a part of every certified policy, *Hutto v. American Fire & Casualty Ins. Co.,* 215 S. C. 90, 54 S. E. (2d) 523.

Statutory provisions requiring notice for cancellation or termination of compulsory motor vehicle insurance are mandatory, must be strictly followed to effect a cancellation or termination of the policy, and must be construed so as to effect the statutory purpose of providing

protection to the general public. *Hutto v. American Fire & Casualty Ins. Co., supra.* Cases on the subject of cancellation of compulsory liability insurance are collected in the annotations in 171 A. L. R. 550 and 34 A. L. R. (2d) 1297.

Applying the foregoing principles to the construction of the present statute, we think that its meaning is clear. The notice requirements are not limited, as contended by defendant, to cancellations within the policy period but apply to any termination of coverage of a certified policy. The statute provides that a certified policy shall not be "cancelled *or* terminated" until notice of such "cancellation *or* termination" is given to the Department. There is nothing to indicate that the word "or" was used in the statute in other than its ordinary meaning, indicating an alternative such as "either one or another." As such, it denotes a difference in meaning between the words *cancellation* and *termination. Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736. While both terms refer to the end of coverage under the policy, *cancellation* refers to the termination of the policy prior to the end of the policy period, and *termination* refers to the expiration of the policy by the lapse of the policy period.

The clear intent of the statute was to require notice, in the event of the end of coverage under a certified policy either by *cancellation* or *termination,* in order that the Department would be able to protect the public by preventing the operation of a motor vehicle by the insured without proof of continued financial responsibility. The danger to the public from the absence of liability coverage is no greater when it results from one cause than from the other. The statutory purpose was to protect from both.

While the statute does not expressly state that the coverage of a certified policy will continue in force if the insurer fails to comply with the notice requirement, such is the clear intent and result of the language used. Since it is provided that the insurance so certified shall not be cancelled or terminated "until" the notice is given to the Department, it is

obvious that the coverage of the policy does not end until after the notice requirements are met. Any other construction would render useless the requirement that notice be given.

The Master and the lower court correctly concluded "that the provisions of Section 46-702 (7) (h) as set forth hereinabove are mandatory and must be complied with by the insurer in order to effect a cancellation or temination of a certified policy regardless of whether the cancellation or termination is made within the original policy term or by reason of the expiration of the policy pursuant to the terms of the contract between the insurer and the insured;" and that "failure of the insurer to comply with the notice provisions of the said statute in either of such cases leaves the certified policy in full force and effect" in so far as the rights of the public are concerned.

Finally, the defendant contends that, if the notice requirements of Section 46-702 (7) (h) apply to expirations of coverage of a certified policy at the end of the policy period, the filing of the SR-22 Form by the defendant approximately four months prior to the accident, showing the expiration date of the policy, constituted sufficient compliance therewith. The insured in this case was required to furnish proof to the Highway Department of financial responsibility. This proof was furnished by the filing by the defendant with the Department on April 30, 1964 of a Form SR-22 which is designated as a "Financial Responsibility Insurance Certificate." The policy was described on this form as effective from "8/20/63 to 8/20/64."

It is clear that the filing of the SR-22 Form did not afford to the Highway Department the notice required by Section 46-702 (7) (h). This form simply certified to the Department the existence of coverage of the insured. The statute requires that the ten days' notice be given "[w]hen an insurance carrier *has certified* a motor vehicle liability policy." It is thus apparent that a notice is required which is in addition to and subsequent to the certification of coverage

(Form SR-22). This construction is in entire accord with the certification given by the defendant in the Form SR-22 filed in this case on April 30, 1964. While the expiration date was shown on the form, it was apparently not required and the actual certification made by defendant was as follows: "This certification is effective from *April 18, 1964* and continues until cancelled or terminated in accordance with the financial responsibility laws and regulations of this State." The certification clearly contemplated, in accordance .with the statute, that a subsequent notice would be given before the policy could be cancelled or terminated.

We find nothing in the statute to indicate that the Legislature intended to place the duty upon the Highway Department to keep constant supervision of the expiration date of every certified policy issued in this State. On the contrary, it is evident that the purpose of the notice provisions of Section 46-702 (7) (h) is to place that burden on the insurers by requiring a separate notice in each instance of the expiration date of the policy. The filing of a Form SR-22 does not meet the notice requirements of the statute with reference to cancellation or termination of a certified policy.

Affirmed.

Moss, C. J., Bussey, and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.