152 N.J. Super. 76 (1977)
377 A.2d 779
JOSEPH A. CITTA, ROBERT A. GASSER AND SHIRLEY ANN ALLEN SAVINS, TRUSTEES FOR THE BENEFIT OF THE MINOR CHILDREN, MICHAEL ALLEN, DEBRA ALLEN, RICHARD ALLEN AND CRAIG ALLEN, PLAINTIFFS-APPELLANTS,
v.
CAMDEN FIRE INSURANCE ASSOC., INC., A CORPORATION OF THE STATE OF NEW JERSEY AND MAY LINNINGTON, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1977.
Decided August 4, 1977.
*77 Before Judges FRITZ, ARD and PRESSLER.
Mr. Richard D. Stanzione argued the cause for appellants (Messrs. Stanzione & Stanzione, attorneys).
Mr. Robert J. Partlow argued the cause for respondent Camden Fire Insurance Assoc., Inc. (Messrs. Parker, McCay and Criscuolo, attorneys).
Mr. Marc L. Dembling argued the cause for respondent May Linnington, Inc. (Messrs. Lieb, Teich & Berlin, attorneys; Mr. Jerome S. Lieb, on the brief).
PER CURIAM.
This matter involves the question of the duty of an insurance company, its agent, or a broker, to advise an insured of the expiration of a fire insurance policy. The trial judge determined that no such duty existed and entered summary judgment in favor of the defendant fire insurance company and in favor of May Linnington, Inc. (Linnington) variously described as either an agent or a broker or both.
*78 While we have been considerably hampered by the absence of findings by the trial judge, with respect to defendant fire insurance company, the harm (if not the inconvenience) is minimized, because no arrangement, custom or course of dealing between plaintiffs and the company, other than the ordinary insurer-insured relationship, is anywhere suggested and we are convinced there was no other. In such case we are persuaded by reason and by substantial authority elsewhere that neither the insurer nor its agent has a legal duty to give notice of the expiration of a policy, generally on the cogent ground that the insured is charged with knowledge of the expiration date stated in the policy. Shepard v. United States Fid. and Guar. Co., 210 Kan. 652, 504 P.2d 228 (Sup. Ct. 1972); Kapahua v. Hawaiian Ins. and Guar. Co., 50 Hawaii 644, 447 P.2d 669 (Sup. Ct. 1968); Munro v. Boston Ins. Co., 370 Mich. 604, 122 N.W.2d 654 (Sup. Ct. 1963); Burns v. Ramsey, 520 P.2d 137 (Colo. Ct. App. 1974); Waynesville Security Bank v. Stuyvesant Ins. Co., 499 S.W.2d 218 (Mo. Ct. App. 1973); Kimball v. Clinton Cty. New Patrons Fire Relief Ass'n, 23 A.D.2d 519, 255 N.Y.S.2d 366 (App. Div. 1965); Gibson v. R.O. "Bill" Williams Ins. Co., 398 S.W.2d 408 (Tex. Civ. App. 1965); 13A Appleman, Insurance Law and Practice, § 7642 at 410 (1976). See Norkin v. United States Fire Ins. Co., 237 Cal. App.2d 435, 47 Cal. Rptr. 15 (D. Ct. App. 1965).
This view seems particularly appropriate in New Jersey where the Legislature has expressly authorized the Commissioner of Banking and Insurance (now the Commissioner of Insurance; see N.J.S.A. 17:1C-1 et seq., and especially N.J.S.A. 17:1C-3 and 17:1C-8):
* * * to direct, by rule or regulation as hereinafter provided, that insurance companies organized under the laws of this State or organized to do business in this State, shall include provisions in policies of insurance written by any such company in this State, whereby 30 days' written notice shall be given; (1) to the insured, of the cancellation of any such policy; and, (2) to any designated *79 mortgagee not named therein as the insured of the cancellation of any interest in such policy; and, (3) to the insured, of intent not to renew any such policy. [N.J.S.A. 17:29C-1]
To date the Commissioner has not chosen to implement the statute in this respect. We are confident that the Legislature intended to commit the establishment of the notice obligation to the sole discretion of the Commissioner of Insurance in connection with policies such as that before us, for the Legislature itself undertook to require notice by the insurer of its intention not to renew in connection with automobile insurance. N.J.S.A. 17:29C-9.
Accordingly, we are satisfied that the trial judge achieved the right result with respect to defendant insurance company and we affirm the judgment in that regard.
Defendant Linnington presents a different problem and here we are shackled by the absence of findings below. Our consternation has its genesis in the fact that we are simply not certain as to whether Linnington was an agent for the company or a broker holding himself out to the public and engaged by plaintiffs for their insurance needs. If Linnington was simply an agent for the company, no obligation greater than that of the company is imposed on it. On the other hand, if it was a broker, it owes to those engaging its services reasonable skill, care and diligence in the execution of the commission. Rider v. Lynch, 42 N.J. 465, 476 (1964).
The threshold question then is what was the nature of Linnington's presence in the problem? It is referred to both as an agent and as a broker. The record is sparse with respect to its engagement, but there are some factual suggestions conducing to the reasonable conclusion that it was acting as a broker for plaintiffs. While these are barely sufficient to cause us to entertain only a doubt with regard to the summary judgment in Linnington's favor, in such case to doubt is to deny. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954).
*80 If it develops that there is a palpable absence of material fact with respect to this threshold question and that Linnington was simply an agent of the company, summary judgment in its favor is appropriate. If, on the other hand, there is an issue of fact in this regard, then the matter must be submitted on plenary hearing to the trier of the fact not only for a determination of this issue, but in the event of a determination that Linnington was a broker whose services were engaged by plaintiffs, for determination of the further issue as to whether Linnington exercised the requisite care in the execution of that commission. Bates v. Gambino, 72 N.J. 219 (1977).
We affirm the judgment in favor of Camden Fire Insurance Association. We reverse the judgment in favor of May Linnington, Inc., and remand for further proceedings consistent with the foregoing. We do not retain jurisdiction. No costs.