NU'UELUA S. PU'U, Appellant

v.

SILIPA LEUPULE and CONTINENTAL
INSURANCE CO., Appellees

High Court of American Samoa
Appellate Division

AP No. 23-88

August 25, 1989

Before REES, Associate Justice, CANBY,* Acting Associate Justice,
THOMPSON,** Acting Associate Justice, OLO, Associate Judge, and
VAIVAO, Associate Judge.

Counsel: For Appellant, Charles V. Ala'ilima
For Appellee, Roy J.D. Hall, Jr.


Per Thompson, J.:

Nu'uelea S. Pu'u sustained damages as a result of the negligent
operation of a motor vehicle by Silipa Leupule. Pu'u sued Leupule and
Continental Insurance Company. Continental was sued pursuant to the

---

* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the
Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable David R. Thompson, Judge, United States Court of Appeals for the
Ninth Circuit, serving by designation of the Secretary of the Interior.

provisions of the compulsory third-party liability automobile statute, A.S.C.A. §§ 22.2001 et seq. Continental had issued a third-party liability policy covering Leupule and the vehicle involved in the accident. The policy was for the period from March 4, 1986 to September 30, 1986. The accident occurred March 3, 1987. Pu'u alleged that even though the term of the policy had expired, and the policy had not been renewed, the policy nonetheless remained in full force and effect because Continental had not given notice of the pollicy's expiration pursuant to A.S.C.A. § 22.2013. This section provides:

(a)     The director of administrative services shall be notified by the insurance carrier of the cancellation of any motor vehicle liability policy ofinsurance at least 10 days before the effective date of such cancellation.

(b)     In the absence of such notice of cancellation, the policy of insurance shall remain in full force and effect, except that any policy subsequently procured and certified shall on the effective date of its cancellation terminate the insurance previously certified with respect to any vehicle designated in both certificates.

(c)     Upon receipt of the notice of cancellation, the license and all of the registration certificates of the person whose insurance has been cancelled shall be suspended by the director of administrative services and shall remain so suspended until that person files a certificate of insurance.

A.S.C.A. §§ 22.2013.

The trial division granted summary judgment in favor of Continental. [*Pu'u v. Leupule*, 8 A.S.R.2d 68 (1988).] Pu'u appeals. We affirm.

Section 22.2013 does not require notice of the "expiration" of a policy. This section only requires 10 days advance notice in the event of "cancellation" of a policy. In the present case, the policy expired because the term of coverage ran out and the policy was not renewed. The policy was not "cancelled." It simply "expired,"

60

The term "cancellation" as used in insurance law usually refers to termination of a policy prior to the expiration of the policy period by act of one or all of the parties; "termination," on the other hand, refers to the expiration of a policy by lapse of the policy period. *See, e.g., Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W.2d 218, 220 (Mo. App. 1973).

There is no legislative history to suggest that the Fono intended to alter this generally understood principle of insurance law when it enacted A.S.C.A. § 22.2013. Had the Fono intended to require insurance companies to give notice of a policy's expiration as well as its cancellation it quite easily could have done so. It did not. Moreover, as the lower court noted in its opinion, the annual licensing requirement for a motor vehicle may not be met unless the vehicle owner provides certification of insurance. *See* § 22.1002(3). This statute provides a common commencement and expiration date for both license and insurance. It thus assures that at the time a license is issued a vehicle will be covered by a policy of insurance and that the policy will remain in existence during the term of the license; unless, of course, the policy should be "cancelled," in which event § 22.2013(a) requires 10 days advance notice of cancellation. If the policy is not cancelled, then upon expiration of the license period a renewed license for the vehicle can be obtained, but only if the expired insurance policy is also renewed, or a new policy is obtained. Section 22.002 then requires that certification of insurance coverage consistent with the requirements of §§ 22.1001 et. seq. be made to the director of administrative services as a condition of obtaining the renewed registration. Enforcement of these licensing/insurance requirements is effectuated by § 22.1003, which provides that license tags must be placed visibly on the front and rear of all vehicles. This enables law enforcement personnel to detect an expired license, and to discover any lack of insurance coverage. These statutes effectively implement the legislative scheme of compulsory motor vehicle liability insurance.

We hold that A.S.C.A. § 22.2013 does not require an insurance carrier to give notice to the director of administrative services when a motor vehicle liability policy lapses due to the expiration of its term.

The trial court's grant of summary judgment in favor of Continental is AFFIRMED.