285 N.J. Super. 491 (1995)
667 A.2d 390
HOWARD SAVINGS BANK, PLAINTIFF-APPELLANT, AND NATIONAL UNION FIRE INSURANCE COMPANY, APPELLANT,
v.
LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT, AND LIBERTY MUTUAL FIRE INSURANCE COMPANY, DEFENDANT,
v.
JOSEPH FLEMING, TOTAL CARE SYSTEMS, INC., D/B/A ALPINE LAUNDRY, JOHN DOE (A FICTITIOUS NAME), AND XYZ CORPORATION (A FICTITIOUS NAME), THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 5, 1995.
Decided November 28, 1995.
*493 Before LONG and BROCHIN, JJ.
Robert G. Mazeau, attorney for appellant National Union Fire Insurance Company (Gary H. Forman, of counsel and on the brief).
Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, attorneys for appellant Howard Savings Bank (Joseph L. Buckley, of counsel and on the brief; Adam J. Kaiser, on the brief).
Weiner Lesniak, attorneys for respondent Liberty Mutual Insurance Company (William L. Bracaglia, on the brief).
PER CURIAM.
Defendant Liberty Mutual Insurance Company issued a multi-peril insurance policy which named defendant Howard Savings Bank as the mortgagee of the insured property. By the terms of the policy, its coverage commenced July 23, 1983 and expired July 23, 1986. The insurer claims to have canceled the policy on November 21, 1985 because its insured, the owner of the property, failed to pay a premium of $23,490.79. The building which was the subject of the multi-peril policy was destroyed by fire on February 27, 1987, well beyond the date on which the policy would have terminated according to its terms if it had not been canceled previously.
Howard Savings Bank, as the named mortgagee under the insurance policy, demanded indemnification from Liberty Mutual. *494 Liberty Mutual declined payment on the ground that the policy was not in force on the date of the fire which destroyed the mortgaged property. Howard Savings Bank sued, claiming that the insurer remained liable despite the cancellation of the policy and the expiration of the policy term because the bank had not been given the notice of cancellation and nonrenewal which, the bank claimed, were required by statute, administrative regulations, the insurance policy itself and case law.
Liberty Mutual moved for summary judgment dismissing the complaint on the ground that even if Howard Savings Bank were assumed not to have been sent the November 1, 1985 notice of cancellation of the policy for nonpayment of premiums, the policy had expired by its terms on July 23, 1986, prior to the February 27, 1987 fire loss. In opposition, Howard Savings Bank[1] argued, as it does before this court, that the policy remained in effect on its scheduled termination date because the insurer failed to notify the bank of cancellation for nonpayment, and that the policy continued to be in force on the date of the fire loss because the insurer failed to notify the bank of its nonrenewal. Alternatively, Howard Savings Bank argued to the Law Division and to us that even if there was no legal obligation to notify the bank of nonrenewal, Liberty Mutual is liable to Howard Savings Bank because the bank would have obtained a renewal policy if it had been notified of the cancellation of the policy during its term.
Judge Donald S. Goldman, J.S.C., explained the rationale for his grant of summary judgment in a formal written opinion. He framed the question for decision to be, "whether a mortgagee is an `insured' under N.J.A.C. 11:1-5.2(a)(3), the regulation which requires an insurer to give an `insured' notice of its intent not to renew a policy." He pointed out that N.J.A.C. 11-1-5.2 was promulgated pursuant to N.J.S.A. 17:29C-1, which authorizes *495 regulations requiring thirty days' written notice to be given: "(1) to the insured, of the cancellation of any such policy; (2) to any designated mortgagee not named therein as the insured of the cancellation of any interest in such policy; and, (3) to the insured, of intent not to renew any such policy." He also quoted N.J.A.C. 11:1-5.2, promulgated pursuant to that statute, which reads:
(a) All fire and casualty policies of insurance, except accident and health policies, shall provide for the issuing company to give:
1. Thirty days' written notice to the insured of the cancellation of any policy;
2. Thirty days' written notice of cancellation of any policy to any mortgagee mentioned in said policy; and
3. Thirty days' written notice to the insured of said company's intent not to renew any policy.
[N.J.A.C. 11:1-5.2 (Emphasis added.)]
Judge Goldman read the quoted provisions of N.J.S.A. 17:29C-1 and N.J.A.C. 11:1-5.2 to mean that Liberty Mutual was not subject to any statutory or regulatory requirement to provide notice of nonrenewal to Howard Savings Bank. In Citta v. Camden Fire Ins. Assoc., Inc., 377 A.2d 779, 152 N.J. Super. 76, 78 (1977), we held that in the absence of an explicit statutory, regulatory or contract provision requiring notice, "neither the insurer nor its agent has a legal duty to give notice of the expiration of a policy...." On the basis of the Citta opinion, Judge Goldman ruled that Liberty Mutual was not obligated to notify Howard Savings of the nonrenewal of the policy. We agree with that ruling.
We add that the language of the subject policy demonstrates that its terms impose no contractual obligation on Liberty Mutual to notify Howard Savings of the nonrenewal of the policy at the end of its term. Mirroring the language of the statute and regulation which we have quoted, the policy's cancellation provision provides that "if the insured fails to discharge when due any of his obligations in connection with the payment of premiums or any installment of such premium ... this policy may be cancelled ... by mailing to the insured ..., and to any mortgagee shown in *496 this policy, written notice of cancellation...." The nonrenewal provision of the policy, however, provides:
If this Company elects not to renew this policy, it shall mail to the insured ... notice of non-renewal at least 30 days prior to the expiration date of this policy; provided that, notwithstanding the provisions of this paragraph, this policy shall terminate automatically on such expiration date if the insured has failed to discharge when due any of his obligations in connection with the payment of premiums or any installment of such premium....
In other words, upon the expiration of a policy for reasons other than nonpayment of the premium, notice is due only to the insured, not to the mortgagee. If, as was the case here, the policy is not renewed following its expiration because the insured has failed to pay a premium, the policy does not require the insurer to give notice to either the insured or to the mortgagee.
We also reject, as did Judge Goldman, the bank's argument that Liberty Mutual is liable to indemnify it for its loss because notice of cancellation on November 21, 1985 would have prompted it to ensure the renewal of the policy eight months later. In the absence of any proof to support that assertion, we find that the contention is too speculative to support a judgment against the insurer. Furthermore, if the assumed failure to notify Howard Savings of the midterm cancellation of the policy is viewed as a tort based upon breach of the insurer's regulatory duty, we conclude that the failure to send notice of cancellation is not a "proximate cause." That is, prodding a mortgagee to note the expiration date of its mortgagor's policy is neither a purpose for the regulation requiring notice of cancellation nor is it a consequence which could reasonably be expected to follow from failure to provide notice. Rappaport v. Nichols, 156 A.2d 1, 31 N.J. 188, 203 (1959) ("[A] tortfeasor is generally held answerable for the injuries which result in the ordinary course of events from his negligence...."). Similarly, if Liberty Mutual's assumed failure to notify Howard Savings is viewed as a breach by the insurer of its duty under the insurance contract, damages resulting from nonrenewal are not recoverable because they were not within the reasonable contemplation of the parties at the time they made the contract. See Perini Corp. v. Greate Bay Hotel & Casino, Inc., *497 610 A.2d 364, 129 N.J. 479, 498 (1992) (noting that a defendant "is not chargeable for loss that he did not have reason to foresee as a probable result of the breach when the contract was made."), overruled on other grounds by Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 640 A.2d 788, 135 N.J. 349 (1994).
On appeal, the subrogee argues for the first time that summary judgment should not have been granted because there was a genuine dispute of fact whether notice was given to the insured property owner of the November 21, 1985 cancellation and that, even if sent and received, the notice was ineffective because the insurer failed to provide proof of mailing as required by the regulation then in effect, 17 N.J.R. 2461-2462 (October 7, 1985) (now substantially incorporated in N.J.A.C. 11:1-20.2(e)). This argument is entirely without merit. R. 2:11-3(e)(1)(E). During oral argument of the summary judgment motion, the counsel for Howard Savings expressly conceded that the insured received notice of the cancellation. That concession is, of course, binding on the parties. See Hartford Fire Ins. Co. v. Riefolo Constr. Co., 410 A.2d 658, 81 N.J. 514, 523 (1980) (noting that an appellate court is bound by the parties' factual stipulations); Muller Fuel Oil Co. v. Insurance Co. of N. Am., 232 A.2d 168, 95 N.J. Super. 564, 573 (1967) (affirming dismissal of complaint based on statements regarding proofs made by plaintiff's attorney during his opening statement at trial).
The judgment appealed from is therefore affirmed.
NOTES
[1] National Union Fire Insurance Company indemnified Howard Savings Bank for part of its loss. On appeal, Howard Savings and the subrogee are represented by separate counsel and each was permitted to submit its own appellate brief.