719 A.2d 1028

VALLEY NATIONAL BANCORPORATION, PLAINTIFF–
APPELLANT, v. AMERICAN MOTORISTS INSURANCE
COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 29, 1998—Decided October 27, 1998.

Before Judges MUIR, Jr., KEEFE, and EICHEN.

*Adam M. Smith,* argued the cause for appellant (*Mendes & Mount,* attorneys; *Mr. Smith,* on the brief).

*Bruce E. Barrett,* argued the cause for respondent (*Margolis Edelstein,* attorneys; *Mr. Barrett,* on the brief).

The opinion of the court was delivered by

MUIR, Jr., P.J.A.D.

Plaintiff, a mortgagee of commercial property that sustained fire loss damage, filed this action claiming defendant liable for the fire damage under a multi-peril insurance policy defendant issued to the owner/mortgagor. Defendant filed a motion for summary judgment. It contended, as a matter of law, the policy had been effectively canceled. Relying on a policy provision that required it to be given ten days written notice prior to the effective date of (1) cancellation for nonpayment of premium or (2) nonrenewal, plaintiff contended effective notice had not been provided. The trial court concluded the notice defendant claimed it had given was sufficient and entered summary judgment. Plaintiff appeals. We reverse.

The record discloses the policy in question covered the period from September 21, 1993, to September 21, 1994. It provided fire loss coverage with a $50,000 fire damage limit.

At the policy's issuance date, plaintiff held a mortgage on the insured property.[1]  The mortgage required the mortgagors to maintain a fire insurance policy "with mortgagee clause satisfactory to Mortgagee naming Mortgagee as an insured party."  The mortgage gave plaintiff control over any policy loss proceeds.

The policy named plaintiff as mortgagee.  Under the caption "Mortgage Holders," it provided, in relevant part:

b.  We will pay for covered loss of or damage to buildings or structures to each mortgage holder shown in the Declarations in their order of precedence, as interests may appear.

c.  The mortgage holder has the right to receive loss payment even if the mortgage holder has started foreclosure or similar action on the building or structure.

d.  If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgage holder will still have the right to receive loss payment if the mortgage holder:

1)  Pays any premium due under this Coverage Part at our request if you have failed to do so;

2)  Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so;  and

3)  Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgage holder.

All of the terms of this Coverage Part will then apply directly to the mortgage holder.

. . . .

f.  If we cancel this policy, we will give written notice to the mortgage holder at least:

1)  10 days before the effective date of cancellation if we cancel for your nonpayment of premium, or

2)  30 days before the effective date of cancellation if we cancel for any other reason.

g.  If we elect not to renew this policy, we will give written notice to the mortgage holder at least 10 days before the expiration date of this policy.

There is no dispute that due to Modern Hydraulic Corp.'s failure to pay premiums, defendant elected to cancel the policy.

---

[1] The mortgage names Nicholas and Leslie Brodsky as mortgagors/owners. The policy, as amended, names (01) Modern Hydraulic Corp. and (02) Nicholas W. Brodsky and "A" Hydraulic Press Co., Inc., as named insureds.

Defendant, however, claims upon making the election to cancel it sent a notice of cancellation and nonrenewal to both Modern Hydraulic Corp. and plaintiff. In support, it offered in its motion brief a two-page form document identifying Modern Hydraulic Corp. as the insured and plaintiff as the mortgagee. The document contains an "X" typed in a box next to the statement "[e]ffective *8/12/94* at *12:01AM* (Standard Time), we hereby cancel or nonrenew the Mortgagee Agreement which is made part of the above mentioned policy issued to the insured named above covering on *MODERN HYDRAULIC CORP.* at *780 ROUTE #3, CLIFTON, NJ 07013* and made payable to you as mortgagee (or trustee) in the event of loss." The document ends with the following:

NAME AND ADDRESS OF LIENHOLDER OR MORT- GAGEE

VALLEY NATIONAL BANK
615 MAIN ST.
PASSAIC, NJ 07055

(If cancellation or nonrenewal notice is mailed to the Insured, complete the following)

CERTIFICATION OF MAILING

I hereby certify that I personally mailed in the U.S. Post Office at the place and time stamped hereon, a notice of cancellation or nonrenewal to the Insured, an exact carbon copy of which appears above, and at said time received from the U.S. Postal Service the receipt made a part hereof or attached hereto.

Signed this_____day of_____19____
Signature_____

USAGE INSTRUCTIONS
See reverse side for usage and mailing instructions.

(If cancellation or nonrenewal notice is mailed to the Lienholder or Mortgagee, complete the following)

I hereby certify that I personally mailed in the U.S. Post Office, at the place and date stamped hereon, a notice of cancellation or nonrenewal to the Lienholder or Mortgagee, an exact carbon copy of which appears above and at said time received from the U.S. Postal Service the receipt made a part hereof or attached hereto.

Signed this_____day of_____19____
Signature_____

Defendant did not provide a copy of the "Usage Instructions."

Defendant also provided the court with a notice of cancellation and nonrenewal sent to Modern Hydraulic Corp. Attached to it was a certified mail receipt indicating delivery to Modern Hydraulic Corp. at its Clifton address. Additionally included were copies of letters addressed to the owner concerning delinquent premium payments. Defendant did not authenticate any of the relied upon documents as required by court rules. *See* Pressler, *Current N.J. Court Rules*, comment on *R.* 1:6–6 (1999) (Mere appending of relevant documents to a motion brief does not satisfy provisions of *R.* 1:6–6. Such documents must be incorporated by reference to a certification or affidavit based on personal knowledge.) (citing *Sellers v. Schonfeld*, 270 *N.J.Super.* 424, 637 *A.*2d 529 (App.Div. 1993); *Celino v. General Accident Ins.*, 211 *N.J.Super.* 538, 512 *A.*2d 496 (App.Div.1986)). The failure to authenticate the evidence required the trial court to deny the motion as procedurally defective. Nonetheless, given defense counsel's belief that plaintiff had stipulated to the mailing to the mortgagee, something plaintiff disputes, we address the substantive aspects of the appeal.

On January 29, 1995, a fire damaged the mortgaged premises. Plaintiff filed a notice of claim with defendant. Defendant rejected the claim based on the assertion of policy cancellation.

Plaintiff, in opposition to defendant's summary judgment and in support of its cross-motion for summary judgment, filed a certification of one of its employees. The employee represented that

based on her personal knowledge plaintiff had received no notice of cancellation or nonrenewal from the defendant.

■ The appeal raises two issues: (1) whether the record discloses, even in absence of the authentication required by court rules, defendant provided effective notice of cancellation; and (2) if it did not, whether we must follow the dicta of *Howard Sav. Bank v. Liberty Mut. Ins. Co.*, 285 *N.J.Super.* 491, 496, 667 *A.*2d 390 (App.Div.1995), that even if a failure to give notice is a breach of contractual duty, "damages resulting from nonrenewal are not recoverable because they were not within the reasonable contemplation of the parties at the time they made the contract." *Ibid.* We conclude defendant did not provide evidence of effective notice of cancellation. Furthermore, we find the *Howard Savings Bank* dicta inapplicable under the circumstances here.

The rights and duties of parties to an insurance policy are generally controlled by its language. Absent ambiguity or contravening public policy, we are required to construe an insurance policy in accordance with its language. *See New Jersey Mfrs. Ins. Co. v. Breen*, 153 *N.J.* 424, 431, 710 *A.*2d 421 (1998); *Aubrey v. Harleysville Ins. Co.*, 140 *N.J.* 397, 404, 658 *A.*2d 1246 (1995); *Longobardi v. Chubb Ins. Co. of NJ*, 121 *N.J.* 530, 537, 582 *A.*2d 1257 (1990). Examination of the policy language will ordinarily reflect the objective reasonable expectations of the parties. *Aubrey, supra*, 140 *N.J.* at 404, 658 *A.*2d 1246.

The policy imposed a duty on defendant to give plaintiff ten days advance notice of policy cancellation or nonrenewal. Defendant does not dispute that the duty encompassed the giving of effective notice. Instead, it contends the unauthenticated form annexed to its brief constitutes the notice of cancellation required to make its cancellation effective. Defendant distinguishes statutory law, Insurance Department regulations, and certain case law from this appeal because they deal with automobile or commercial liability policy cancellations. *N.J.S.A.* 17:29C–1, –10; *N.J.A.C.* 11:1–20.2(a), (b), (c), (i); *Weathers v. Hartford Ins. Group*, 77 *N.J.* 228, 390 *A.*2d 548 (1978). True as those distinctions may be,

*Weathers, N.J.S.A.* 17:29C–10, and *Celino, supra* (which construed *N.J.S.A.* 17:29C–10, as amended, subsequent to the *Weathers* decision), offer reasonable guidelines for assessing proofs that an insurer's claims are evidence of effective notice of policy cancellation. We consequently consider them in the context of the unauthenticated form document defendant relies upon to meet its burden of proof that effective notice occurred.

■ *Weathers* enunciated certain criteria that we find equally applicable here. *Weathers* recognized that properly mailed notice should be considered effective even though not received. *Weathers, supra,* 77 *N.J.* at 234, 390 *A.*2d 548. At the same time, however, the insured's, or in this case the mortgagee's, non-receipt "is admissible for the purpose of refuting the hypothesis of mailing." *Id.* at 235, 390 *A.*2d 548. *Weathers* also instructed that the insurer does not establish effective proof of mailing by presenting a certificate of mailing and then representing its standard company policy for preparing and sending notice. *Id.* at 231, 235, 390 *A.*2d 548. More is required.

The current provisions of *N.J.S.A.* 17:29C–10 reflect a public policy of this state. Although it addresses notice to an insured for cancellation or nonrenewal of an automobile policy, it also provides the appropriate criteria for assessing what evidence an insurer must additionally present to satisfy its burden of proving effective regular mail notice to the mortgagee here. Those criteria require that, at the time of mailing of the notice, the insurer, through an employee, must obtain from the Post Office Department a date-stamped proof of mailing showing the name and address of the mortgagee and must retain a duplicate certified true copy of the notice sent. *N.J.S.A.* 17:29C–10; *see generally Celino, supra,* 211 *N.J.Super.* at 541–43, 512 *A.*2d 496.

Defendant's unauthenticated form document suggests recognition of those criteria. The certification contained in the form includes certain facets which conform with the statutory criteria. The certification, and probably the omitted-from-the-record "Usage Instructions," include obtaining a Post Office date-stamped

proof of mailing attached to an exact carbon copy of the cancellation notice. It is a conformance that belies the validity of defendant's contention it established proof of effective service. The unauthenticated form with a typed-in "X" and relevant time periods falls far short of proof of effective service of the notice of cancellation. Simply put, the record does not demonstrate evidence such that a reasonable fact finder could conclude effective service occurred. *Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 523, 666 *A.*2d 146 (1995).

■ Defendant alternatively relies on *Howard Savings Bank* to support a conclusion that, even without proof of effective service of notice, plaintiff has no actionable claim for damages because such damages are "not within the reasonable contemplation of the parties at the time they made the contract." *Id.* at 496, 667 *A.*2d 390. We find *Howard Savings Bank* distinguishable on its facts and accordingly inapplicable here.

In *Howard Savings Bank,* unlike this case, the sole issue was whether the mortgagee was an insured under *N.J.A.C.* 11:1–5.2(a)(3). *See Howard Sav. Bank, supra,* 285 *N.J.Super.* at 494, 667 *A.*2d 390. The decision turned in part on the absence of any express provision in the policy that the mortgagee was entitled to notice of cancellation or nonrenewal from the insurer. *Id.* at 495, 667 *A.*2d 390. Here, there was an express provision requiring that notice be given. Moreover, here the policy expressly provides a mortgagee can receive loss payment if it "[p]ays any premium due under [the policy's] Coverage Part at [the insurer's] request if [the insured mortgagee] fail[s] to do so." There is no room for doubt that this language is a critical factor in support of a claim for damages by plaintiff. The plain language unambiguously makes clear an intent by the parties to the policy that plaintiff had the right to make premium payments on default by the mortgagor/insured, an entitlement that protected plaintiff against future fire damage loss. Consequently, we are satisfied the policy language in its entirety makes *Howard Savings Bank* inapposite here. Defendant, if it fails at a plenary hearing to

establish the giving of effective notice, is liable for damages, something reasonably within the contemplation of the parties at the time the policy issued.

The order granting summary judgment is reversed. The matter is remanded for proceedings consistent with this opinion.