753 A.2d 1170

STATE OF NEW JERSEY (COUNTY OF BERGEN), PLAINTIFF–RESPONDENT, v. RONI POLANCA, A/K/A ANDY RIVERA, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, AS SURETY, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. DENNIS KASEY, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, AS SURETY, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. FIDEL BRAVO, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, AS SURETY, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOSE O. RODRIGUEZ, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. VALERIA RODRIGUEZ, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 16, 2000—Decided June 7, 2000.

Before Judges MUIR, Jr., WALLACE, Jr., and CUFF.

*Samuel M. Silver*, argued the cause for appellant in all appeals.

*Steven J. Zweig*, Deputy Attorney General, argued the cause for respondent State of New Jersey in all appeals (*John J. Farmer*, Attorney General, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel; *Mr. Zweig*, on the briefs).

*Ellen D. Julis*, Assistant County Counsel, argued the cause for respondent Bergen County in A–3630:3636:3639–98T2 (*Murshell J. Bland*, County Counsel, attorney; *Ms. Julis*, on the briefs).

*Carol I. Cohen*, Union County Counsel, attorney for amicus curiae Union County in A–3630:3636:3639–98T2 (*Jason W. Rockwell*, on the briefs).

The opinion of the court was delivered by

MUIR, Jr., P.J.A.D.

International Fidelity Insurance (IFI), a corporate surety which posted bonds pursuant to *R.* 3:26–4 to insure five defendants' presence at all stages of criminal proceedings against those defendants, appeals from five forfeiture judgments entered pursuant to *R.* 3:26–6 after each of the defendants did not appear as required.[1]

---

1 We have consolidated these appeals for this opinion.

IFI acknowledges it has no idea as to the whereabouts of the respective defendants.

IFI argues multifaceted grounds for overturning the judgments. Pared to their essence, the grounds are that the trial courts improperly entered the forfeiture judgments because *R.* 3:26–6:

a. provides for bail forfeiture without notice of motion brought by the prosecutor, and an offer of proof in violation of due process;

b. transforms the role of the court into that of the prosecutor by allowing entry of a default judgment on the court's own motion, in violation of due process and separation of powers; and

c. establishes substantive law in violation of separation of powers.

We reject the contentions and affirm each of the forfeiture judgments under appeal.

*I*

Rule 3:26 provides the criteria for setting bail for defendants prior to conviction. It authorizes the posting of recognizances in the form of corporate surety bonds. *R.* 3:26–4. Each recognizance posted by a corporate surety "shall contain the terms set forth in *R.* 1:13–3(b) and shall be conditioned upon the defendant's appearance at all stages of the proceedings until final determination of the matter, unless otherwise ordered by the court." *R.* 1:13–3(b) requires that any bond posted contain a provision the bond may be enforced by summary proceeding.

The specific summary proceeding regulating bail bonds is prescribed by *R.* 3:26–6 entitled "Forfeiture."

(a) Declaration; Notice. Upon breach of a condition of a recognizance, the court on its own motion shall order forfeiture of the bail, and the criminal division manager shall forthwith send notice of the forfeiture to the county counsel, the defendant, and the surety. The notice shall direct that judgment will be entered as to any outstanding bail absent a written objection seeking to set aside the forfeiture, which must be filed within 45 days of the date of the notice.

(b) Setting Aside. The court may direct that a forfeiture be set aside if its enforcement is not required in the interest of justice upon such conditions as it imposes.

(c) Enforcement; Remission. When a forfeiture is not set aside or satisfied, the court shall, upon expiration of the 45 days provided for in paragraph (a), summarily enter a judgment of default for any outstanding bail and execution may issue

thereon. After entry of such judgment, the court may remit it in whole or in part in the interest of justice. In any contested proceeding, county counsel shall appear on behalf of the government. County counsel shall be responsible for collection of forfeited amounts.

The procedure authorizing the court, on its own motion, to enter an order of forfeiture and directing the criminal division manager to give notice of forfeiture to the surety stemmed from recommendations of a Bail Forfeiture Committee appointed to review bail forfeiture procedures in order to recommend changes and improvements as part of judicial unification of the trial courts. The Committee recommended streamlining of the notice of forfeiture process. That recommendation changed the bail forfeiture process to the current "on the court's own motion" from one that could only be precipitated by a motion of the prosecuting attorney. *See* Pressler, *Current N.J. Court Rules,* comment on *R.* 3:26–6 (1998).

## II

The events giving rise to the five appeals were essentially identical.

On March 17, 1997, IFI posted a $10,000 bond guaranteeing Dennis Kasey's appearance on a complaint for possession of a controlled dangerous substance and for manufacture and distribution of heroin and cocaine. On October 3, 1997, IFI posted a $10,000 bond guaranteeing Valeria Rodriguez's appearance on a complaint of receiving stolen property. On May 2, 1998, IFI posted a $100,000 bond guaranteeing Roni Polanca's appearance on a complaint for possession of cocaine with intent to distribute. On April 10, 1998, IFI posted a $100,000 bond guaranteeing Jose Rodriguez's appearance on complaints for possession and distribution of a controlled dangerous substance in a school zone. On July 4, 1998, IFI posted a $7,500 bond guaranteeing Fidel Bravo's appearance on complaints for possession of cocaine with intent to distribute, possession of marijuana, possession of narcotics paraphernalia, and being under the influence of a controlled dangerous substance. The bonds posted were identical in their general

terms and conditions. Each was in a form required by *R.* 1:13–3(b) and conditioned as required by *R.* 3:26–4. All defendants failed to appear.

Upon those failures, the affected courts followed the procedure delineated by *R.* 3:26–6. The courts ordered bail forfeiture after entry of an arrest warrant. The criminal case managers gave notice to county counsel and the surety. The Notices of Bail Forfeiture for Surety all recited that the defendant had failed to appear in court and that the trial court had ordered arrest and forfeiture of bail. The notices then provided:

> Unless you proceed to have the forfeiture set aside within 45 calendar days of the date of this notice, default judgment will be entered for the full amount posted.
>
> You can contact the Criminal Division Manager's office to: 1) express your desire for a hearing before the judge, which will require you to file a written notice of objection to the bail forfeiture (forms are available in the Criminal Division Manager's office); 2) arrange to return the defendant to custody.

The notices also provided an address, a contact phone number, hours within which to call, and names of individuals to contact.

■ In each instance IFI responded by filing motions. All essentially opposed entry of a default judgment and sought an extension of time within which to surrender the defendant. In support of their motions, IFI counsel submitted his certification in which he outlined the process IFI utilizes to keep track of its defendants and the efforts it makes after losing contact with the defendant. The certification is not based on personal knowledge. Consequently, the representations contained in it are inadmissible hearsay. *See R.* 1:6–6; *Sellers v. Schonfeld,* 270 *N.J.Super.* 424, 637 *A.*2d 529 (App.Div.1993).

In each instance, the court denied IFI's motion and entered a default judgment. These appeals ensued.

### III

■ IFI contends the procedure set forth in *R.* 3:26–6 for forfeiture of bail violates its right to procedural due process because it (1) provides that the court, on its own motion, shall

order the forfeiture; (2) fails to require notice to the bonding company of the time and place that a judgment will be entered; and (3) provides for a summary proceeding without any offer of proof. We conclude the rule satisfies the requirements of procedural due process.

 Procedural due process requires notice and an opportunity to be heard. *Mettinger v. Globe Slicing Machine Co.*, 153 *N.J.* 371, 389, 709 *A.*2d 779 (1998); *see also Doe v. Poritz*, 142 *N.J.* 1, 106, 662 *A.*2d 367 (1995). "Due process is not a fixed concept . . . but a flexible one that depends on the particular circumstances." *Doe v. Poritz, supra,* 142 *N.J.* at 106, 662 *A.*2d 367. "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." *Ibid.* "The minimum requirements of due process, therefore, are notice and the opportunity to be heard." *Ibid.*

██ As the late Chief Justice Wilentz articulated in *Doe v. Poritz,*

> To determine what procedural protections are required in a given case, we must weigh the following factors:
>
> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
>
> [*Id.* at 106–07, 662 *A.*2d 367 (citations omitted).]

These procedural protections were first enumerated in *Mathews v. Eldridge,* 424 *U.S.* 319, 334, 96 *S.Ct.* 893, 902, 47 *L.Ed.*2d 18, 33 (1976), where the United States Supreme Court held a recipient of Social Security disability benefits was not entitled to a hearing prior to termination of the benefits. The application of *Mathews* criteria has generally led courts to require some kind of hearing before a person is deprived of liberty or property, but some circumstances have found a post-deprivation hearing consistent with due process. *See Zinermon v. Burch,* 494 *U.S.* 113, 127–28, 110 *S.Ct.* 975, 984–85, 108 *L. Ed.*2d 100, 115 (1990). Viewed in the

context of these principles, we conclude *R*. 3:26–6 satisfies the requirements of procedural due process.

There can be no dispute here that a corporate surety, like IFI, is entitled to both a pre-deprivation hearing and post-deprivation hearing under the rule. On the one hand, it is given notice that a forfeiture has been declared due to the failure to present the defendant at a stage of the criminal proceedings covered by its bond. At that point, it has been deprived of no property. On the other hand, even after the default forfeiture judgment is entered, a point at which it is subject to the potential loss of property, it has an opportunity for a hearing to secure a remission of its obligation and, consequently, a vacation of any default judgment. Thus, the rule affords avenues which engender prevention of wrongful deprivation. *See Fusari v. Steinberg*, 419 *U.S.* 379, 389, 95 *S.Ct.* 533, 539, 42 *L.Ed.*2d 521, 529 (1975). Quite obviously, both the pre-and post-deprivation hearings afford the surety the right to be exonerated if it produces or has produced the defendant as required by its bond. To that degree, there can be no dispute the rule affords a bond surety an opportunity to be heard at a meaningful time and in a meaningful manner. The rule consequently meets the minimum requirements of due process because it affords both notice and a reasonable and continuing opportunity to be heard.

The *Mathews* factors demonstrate procedural protections are afforded. The private interest affected by the forfeiture judgments is one engaged in for economic advantage; one that involved a known business risk. The surety obligated itself to guarantee the presence of a defendant at a criminal proceeding for economic gain—the premium paid for the bond. It also did so with a right against a third person for indemnification of costs incurred if it forfeited on any bond for failure to meet its contractual guarantee. At the same time, the surety issued the surety bonds knowing that *R*. 3:26–6 was an integral facet of the undertaking assumed and, at the same time, agreed judgment could be entered in a summary proceeding. In essence, the surety know-

ingly agreed to the provisions of the rules when it proffered the bonds at issue. When these circumstances are considered in the context of the element of injury to the public interest that results in every case where a defendant deliberately fails to make an appearance in a criminal case, there is no compelling basis to require anything more than the requirements of due process afforded by *R.* 3:26–6. *See, e.g., State v. Peace,* 63 *N.J.* 127, 129, 305 *A.*2d 410 (1973).

*Mathews'* second factor fosters no justification for a conclusion there is either a risk of erroneous deprivation if the rule dictates are followed or that any additional safeguards are necessary. The risk of any erroneous deprivation is protected against by both the pre- and post-default judgment opportunities to be heard. It cannot be seriously argued that the rule's built-in safeguards can be better designed to avoid the risk of erroneous determinations on the surety's guarantee. Consequently, no additional safeguards are required to satisfy constitutional dictates.

Finally, in striking the appropriate due process balance, the last factor to be assessed is consideration of the government's burden, which includes the fiscal and administrative burdens that another administrative process would engender. We need go no further than to refer to the Bail Forfeiture Committee report for support of the conclusion that the current provisions of *R.* 3:26–6 alleviate the substantial governmental, fiscal, and administrative burdens that were created by the former practice, which IFI now essentially advocates should be reinstated. Rather than reiterate the report's support for our conclusion, we incorporate the report by reference. Viewed in the context of the necessary alleviation of the burden espoused by the report and reflected in *R.* 3:26–6, we conclude the rule strikes the appropriate due process balance.

All of IFI's remaining contentions we find to be clearly without merit, so that discussion in this written opinion is unwarranted. *R.* 2:11–3(e)(1)(E).

The five judgments under appeal are affirmed.